## DUNBAR v. CHARLESTON & WESTERN CAR. RY.

1. COMMON CARRIERS—FREIGHT—NOTICE.—Where a shipper accepts for freight delivered to a common carrier a receipt containing the provision that this shipment is received subject to the terms and conditions of the carrier's regular bill of lading, for which this receipt may be exchanged, he has such notice as will put him on inquiry of the terms and conditions of the bill of lading, and is bound by such terms and conditions.

2. IBID.—IBID.—CONNECTING LINE.—Under the terms of the bill of lading here the carrier is not liable for damage to freight occurring on a connecting line.

Before HUDSON, special Judge, Barnwell, April, 1901. Affirmed.

Action by C. B. Dunbar against Charleston and Western Carolina Ry. Co. From judgment for defendant, plaintiff appeals.

*Messrs. Bellinger & Townsend,* for appellant, cite: *This was a contract to transport to New York:* 10 Rich., 382; *and not merely to "forward:"* 36 S. C., 116. *There could be no agreement by plaintiff to limitations of which he had no knowledge, and which were not brought to his attention:* 32 Md., 333; Fed. Cas., No. 689; 14 Blackf., 9; 16 Ill. App., 425; 91 Ill., 195; 160 Ill., 648; 78 Ala., 597. *Any doubt in bill of lading must be solved in favor of shipper:* 47 U. S. App., 744; 38 L. R. A., 271.

*Messrs. Izlar Bros.,* contra. *Mr. Laurie T. Izlar* cites: *The bill of lading is the contract between the parties, and the shipper is bound by its terms:* Rev. Stat., 1720; 19 S. C., 353; *and defendant is not liable:* 36 S. C., 110; 43 S. C., 453. *Shipper had sufficient notice of terms of bill of lading to put him on enquiry:* 11 S. C., 408; 18 S. E. R., 1008; 14 S. C., 321; 35 S. C., 127; 26 S. C., 91.

February 15, 1902. The opinion of the Court was delivered by

MR. JUSTICE GARY.    This is an action for the recovery of $305 damages to three carloads of melons shipped over the defendant's railway.    The case was tried before his Honor, J. H. Hudson, and a jury, on the following stipulation as admission of facts:

"For the purposes of the trial of the above entitled action, it is agreed between counsel for the plaintiff and defendant that the following facts are admitted to be true:

"That the melons described in the complaint were the property of the plaintiff, and were delivered by him to the defendant, at the times and place mentioned in the receipt signed by C. R. Black, agent, and exhibits A, B and C, and put in evidence by the plaintiff; and said receipts were then given him by the agent of the defendant.    That the plaintiff never received, nor had any other notice of any other bill of lading than said receipt, except such notice as is contained in the notice printed on said receipt.    The said melons were carried by the defendant and delivered to the Charleston and Savannah Railway Co., a connecting carrier of the defendant, en route to New York, at Yemassee, on the days mentioned in the written statement of Mr. Mitchell, agent of the Charleston and Savannah Railway Co., which statement is marked 'exhibit D,' and put in evidence by the defendant. The said melons were negligently delayed in transit between Yemassee and New York several days beyond the time within which they should have reached their destination, by reason of which delay the plaintiff has been damaged in the sum of $150.    That the freight charges were paid by the consignee in New York.    That the blank bill of lading marked 'exhibit E,' put in evidence by the defendant, is the regular bill of lading in use by the defendant at the time of the shipment of the melons, and referred to by the agent of the defendant in said receipt.    But the plaintiff had no actual knowledge of the terms and conditions in said bill of lading, 'exhibit E,' nor any notice of its existence, further than the printed notice on said receipt."

The exhibits above mentioned were as follows: "Exhibit

A.—R. & S. Nos. 28, 574. A. A. 54. This shipment is accepted subject to the terms and conditions of the company's regular bill of lading, for which this receipt may be exchanged. Charleston and Western Carolina Railway Co. Original. Millitt, S. C., July 26, 1899. Received from C. B. Dunbar the following articles, in apparent good order (except as otherwise noted), to be transported in accordance with the following directions, to S. B. Bownes & Co., consignee, New York, destination, N. Y., State. (Revenue stamp.) Articles—One C. L. melons, rel. Car S. F. & W. 8153. Freight guaranteed by consignee. Consignor. C. R. Black, agent. R. B. turpentine, kerosene and other oils must be entered on separate tickets, as they will be received and forwarded only at company's convenience. Shipper's receipt."

"Exhibits B and C" are similar to the foregoing, except in unimportant particulars. "Exhibit D" is immaterial, and "Exhibit E" contains the following provision: "Said company (the defendant) agrees to carry to the said destination, if on its road or its portion of the through route, otherwise to deliver to another carrier on the route to said destination;" also the following provision: "No carrier shall be liable for loss or damage not proven to have occurred on its own road or its portion of the through route nor after said property is ready for delivery to the next carrier or to consignee."

In charging the jury, his Honor, said: "My construction of the contract is that the railroad undertook with the plaintiff to ship these cars of melons to the city of New York upon the terms and conditions of their regular bill of lading, 'exhibit E.' Its responsibility for injury or loss beyond their own line was not incurred. And, therefore, I instruct you to find a verdict for the defendant." The jury rendered a verdict in favor of the defendant.

The plaintiff appealed upon exceptions, the first of which is as follows: "1. That his Honor, the presiding Judge, erred in concluding that the bill of lading, 'exhibit E,' con-

stituted a part of the contract between plaintiff and defendant. It being admitted that the plaintiff had no notice or knowledge of the terms and conditions contained in said 'exhibit E,' nor of the use of such bill of lading by the company, other than the printed notice on the receipt given him at the time of the shipment of the melons." The words: "This shipment is accepted subject to the terms and conditions of the company's regular bill of lading, for which this receipt may be exchanged," were sufficient to put the plaintiff on inquiry, and if it had been pursued with due diligence, would, unquestionably, have led to actual knowledge of the terms and conditions contained in the regular bill of lading. Under such circumstances the law imputes to him knowledge of the facts which he would have gained by pursuing the inquiry. This exception is, therefore, overruled.

The second exception is as follows: "2. That his Honor, the presiding Judge, erred in not holding that the receipts, 'exhibits A, B and C,' evidenced the entire contract between plaintiff and defendant, and that thereunder the defendant was liable for damages to said melons arising from negligence of the carrier between Yemassee and New York, though beyond the line of their own road." We fail to see how it can be successfully contended, that "exhibits A, B and C" evidenced the entire contract between the parties, when the stipulation in the receipt which the plaintiff accepted is that the shipment was subject to the terms and conditions of the company's regular bill of lading, of which, we have shown, he must be held to have had notice. The case of *Hill* v. *Ry. Co.,* 43 S. C., 461, conclusively shows that the defendant was not responsible for the loss or injury beyond its own line. This exception is also overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.