## 7825

### WHITTLE v. SOUTHERN RY.

1. CARRIER—FREIGHT—NONSUIT—VERDICT.—In an action for damages for delay in transporting freight, it is not necessary for plaintiff to prove the freight was transported all the way over the lines of the initial carrier or that it was transported at all, hence the issue that a shipment was in part over a connecting line, where the loss or damage occurred, should not be raised by motion for nonsuit or to direct a verdict.

2. IBID.—IBID.—ISSUES—BILL OF LADING.—The evidence here explanatory of whether the shipper accepted those provisions of the bill of lading fixing the amount of damage in case of loss, in consideration of reduced rate was properly sent to the jury.

3. IBID.—IBID.—CONNECTING CARRIER.—Under the bill of lading in issue here and the evidence it was error to charge that the initial carrier was liable for any loss or damage to the freight, whether it occurred on its own line or that of a connecting carrier.

MESSRS. JUSTICES WOODS AND HYDRICK *think a verdict should be directed for the defendant.*

Before SEASE, J., Barnwell. Winter term, 1910. Reversed.

Action by J. D. Whittle against Southern Ry. Co. Defendant appeals on the following exceptions:

I. "Because the presiding Judge erred in refusing to grant the motion for a nonsuit, when it appeared by the complaint that the only allegation of negligence against the defendant company was that it transported said carload of cantaloupes to what is known as Ainsworths' Siding on the morning of the 20th of July, A. D. 1906, but it did not comply with its duty as a common carrier, by reason of its failure to place the said car in the produce yard—the place of delivery—until Sunday morning, the 22d day of July, A. D. 1906; it being respectfully submitted that the alleged negligence occurred after said car arrived in the city of Pittsburg, for which the Southern Railway Company was not responsible.

II. "Because the presiding Judge erred in refusing to grant the motion for a nonsuit, when it appeared from the testimony introduced in behalf of the plaintiff that both Ainsworths' Siding and the produce yard, as referred to in the complaint, are in the city of Pittsburg, Pa.; it being respectfully submitted that the Southern Railway Company, defendant herein, does not run a line of its road into that city.

III. "Because the presiding Judge erred in refusing to grant the motion for a nonsuit, when it appeared from the bill of lading, which was introduced on the part and behalf of the plaintiff that the liability of the railroad company is limited to its own portion of its route, which bill of lading does not show that the Southern Railway Company contracted to be liable for loss or damage to the said car of cantaloupes in question entirely to the point of destination.

IV. "Because the presiding Judge erred in allowing plaintiff, J. D. Whittle, over defendant's objection, to testify as to the car of cantaloupes being improperly iced at Blackville, S. C.; it being respectfully submitted from the complaint alleging negligence there was but one question raised, and that was the alleged negligence after the car had arrived at Pittsburg, Pa.

V. "Because the presiding Judge erred in admitting in evidence, over defendant's objection, a certain book, purporting to be the United States statute covering this shipment, and it being respectfully submitted that the book offered had not been shown or proven to have been published by the proper authorities, nor had it been proven to be commonly admitted as evidence of existing law in the Courts and judicial tribunals of any sovereignty, State or government; nor did it appear in the complaint or in the evidence that the plaintiff intended to rely on such law, if there be such law.

VI. "Because the presiding Judge erred in refusing the motion for a direction of a verdict, when it appeared by the

uncontradicted testimony that the said car of cantaloupes in question was delivered by the defendant herein at Lexington, Virginia, to the Washington & Southern Railway Company on the 18th day of July, two (2) days after said car was delivered to the defendant company at Blackville, S. C., for shipment.

VII. "Because the presiding Judge erred in not granting the motion for a direction of a verdict, when the uncontradicted testimony went to show that the defendant company's line of railroad did not run or do business any further north than Alexandria, Virginia, nor did its line of railroad run into the city of Pittsburg, Pa., where the alleged negligence occurred, but, on the contrary, the said car was delivered by the said defendant company at Lexington, Va.,—the northern terminus of the Southern Railway Company—to the Washington & Southern Railway Company, which company then delivered said car to the Pennsylvania Railroad Company, which company transported said car to Pittsburg, Pa.,—the point of destination; it being respectfully submitted that under the allegations of the complaint it was only necessary for the Southern Railway Company to show that its line of road did not run north of Lexington, Virginia, or in the city of Pittsburg, Pa., where the negligence occurred.

VIII. "Because the presiding Judge erred in charging the jury as follows: 'I charge you that if these melons were damaged by reason of the unreasonable delay in their transportation from Blackville, S. C., to Pittsburg, then the Southern Railway is responsible and liable for that damage, if it was caused by unreasonable delay, because if this plaintiff had no contract with the Southern Railway Company, he would be out of Court, and would not have any standing in the Court, because the contract is made with the Southern Railway Company, and under that contract the Southern Railway Company undertook to deliver the goods.' It being respectfully submitted that this portion of his charge is an incorrect principle of law, in that the jury was

instructed to render a verdict against the Southern Railway Company, defendant herein, no matter on what carrier line the loss, damage or unreasonable delay occurred, and which is contrary to the contract, or bill of lading under which this car was shipped, which provided that 'No company shall be liable for loss or damage not occurring on its portion of the route.'

IX. "Because the presiding Judge erred in charging the jury generally that the Southern Railway Company was responsible for the loss, damage or unreasonable delay to the said car of cantaloupes in question between Blackville, S. C., and Pittsburg, Pa., it being respectfully submitted that under his charge, no matter on what road the loss, damage or unreasonable delay occurred, whether by the Washington & Southern Railway Company or the Pennsylvania Railway Company, the Southern Railway Company was liable.

X. "Because the presiding Judge erred in refusing defendant's motion for a new trial, on the ground that the only allegation of negligence contained in the complaint was the alleged negligence occurring in the city of Pittsburg, in which city the defendant company does not run a line of its road, and that it was only incumbent upon the defendant company to show that the Southern Railway Company did not handle this shipment from Alexandria, Virginia, to Pittsburg, Pa., but, on the contrary, it was handled by the Washington & Southern Railway Company and the Pennsylvania Railway Company, for whose negligence the defendant company is not liable."

*Messrs. Harley & Best* and *C. S. Montieth,* for appellant, cite: *Defendant is not liable for damage on connecting carrier:* 78 S. C. 23; 62 S. C. 414. *Consignor assents to provisions of B. L. by acceptance:* 82 S. C. 147. *Initial carrier not liable for loss on connecting carrier:* 78 S. C.

52; 62 S. C. 414; 10 Barb. 223; 1 Bay. 252, 98; 10 N. C. 496.

*Messrs. H. F. Buist* and *Bates & Sims,* contra, cite: *Carrier cannot limit its liability by provisions in B. L. unknown to shipper:* 64 S. E. 383; 65 S. C. 522. *Defendant's remedy was to move to strike out the evidence as contradictory of B. L.:* 27 S. C. 178; 48 S. C. 337; 52 S. C. 193; 49 S. C. 285. *Carrier may contract to deliver beyond its own line:* 31 U. S. 164.

March 16, 1911. The opinion of the Court was delivered by

Mr. JUSTICE GARY. This is an action for damages, alleged to have been sustained by the plaintiff, through the negligence of the defendant.

The allegations of the complaint, material to the questions, presented by the exceptions, are thus set out in the third and fourth paragraphs:

3d. "That upon the 16th day of July, A. D. 1906, plaintiff delivered a carload of four hundred (400) crates of cantaloupes, to the defendant at Blackville, in said county and State, to be loaded into one of the defendant's said cars, of said special construction, and the said cantaloupes were loaded in said car, and received by the defendant for transportation, to Kammerer Bros. Co., Pittsburg, Pa., to be handled for sale by said Kammerer Bros. Co. for this plaintiff.

4th. "That said defendant transported said carload of melons, to what is known as the Ainsworths' Siding, on the morning of the 20th, but the said defendant did not comply with its duty, as a common carrier, by reason of its failure to place the said car in the produce yard, the place of delivery, until Sunday morning, the 22d of July, 1906; whereupon, on the following day, Monday, the fruit had become ruined, utterly valueless and was rejected; whereas if it

had been delivered on the 20th, or the 21st, the cantaloupes would have been marketable and in good condition, and worth at the then price, the sum of five hundred dollars; but by reason of said unreasonable delay, they were compelled to be rejected by said consignee, and resulted in a loss to this plaintiff, in the sum of five hundred dollars."

The defendant denied each and every allegation of the complaint, and set up the following defense:

"This defendant alleges, that if it is liable at all, in consideration of the reduced rate allowed plaintiff, he agreed that the loss or damage, if any, would not exceed $250.00."

At the close of the plaintiff's testimony, the defendant made a motion for a nonsuit, which was refused.

At the close of all the testimony, the defendant made a motion for the direction of a verdict, which was also refused.

The jury rendered a verdict in favor of the plaintiff, for $187.50, and the defendant appealed upon exceptions, which will be reported.

Before proceeding to consider the exceptions upon the merits, we will determine, whether, under the pleadings, the defendant could, by motion for nonsuit or the direction of a verdict, take advantage of the fact, that the melons were transported from Alexandria, Va., to Pittsburg, Pa. (where they were damaged), by the Washington Southern Railway Co. an independent carrier.

The cause of action alleged in the complaint, is, that the defendant received the melons, under an agreement to transport and deliver them, to certain parties at Pittsburg, Pa., for the plaintiff's benefit, and, that by its failure to deliver them, within a reasonable time, the melons were rendered worthless, and the plaintiff damaged in the sum demanded. In order for the plaintiff to sustain said cause of action, it was only necessary for him to prove, that the melons were received by the defendant, to be transported to their destination, and that the defendant failed to deliver them, within a reasonable time, whereby the plaintiff was

damaged. *Jenkins* v. *Ry.,* 73 S. C. 289, 53 S. E. 480; *Brunson* v. *Ry.,* 76 S. C. 9, 56 S. E. 538; *Fleischman* v. *Ry.,* 76 S. C. 237, 56 S. E. 974; *Heiden* v. *Ry.,* 84 S. C. 117, 65 S. E. 978; Code of Laws, section 2176.

In order for the plaintiff to recover damages, it was not essential for him to prove, that the melons were transported over defendant's own line, or that they were transported at all. Therefore, the fact that they were carried part of the way, by another line, did not tend to disprove any fact, which it was incumbent on the plaintiff to establish, so as to make out his case.

As the fact just mentioned, did not tend to disprove any fact, upon which the plaintiff relied, to make out his case, the defendant should have set it up, by way of defense. *Heiden* v. *Ry.,* 84 S. C. 117, 65 S. E. 987.

But even if it had been set up as a defense, it could not have availed the defendant, on a motion for nonsuit or the direction of a verdict. *Copeland* v. *Assurance Co.,* 43 S. C. 26, 20 S. E. 754.

In addition to the provisions of the bill of lading, that the carrier "agrees to carry (the articles) to their destination, if over its own road, or otherwise to deliver to another carrier," and, that "no carrier shall be liable for loss or damage, not occurring on its portion of the route," we desire to call attention to the following provision:

"The shipper may elect to accept the conditions, printed on the face and back hereof, and the reduced rates applying thereunder, or may, as provided below, require the carriage of the property, at carrier's liability.

"If the shipper elects not to accept the said reduced rates and conditions, he should so notify the agent of the receiving carrier, in writing, and at the time his property is offered for shipment, and if he does not give such notice, it will be understood, that he desires the property carried, subject to the standard bill of lading conditions, in order to secure

the reduced rates thereon. Property carried, not subject to the conditions of the standard bill of lading, will be at the carrier's liability, limited only as provided by common law, and by the laws of the United States and of the several States, in so far as they apply. Property thus carried will be charged twenty (20) per cent. higher, (subject to a minimum increase of one cent (1) per hundred pounds), than if shipped subject to the conditions of the standard bill of lading."

There was no direct testimony tending to show, that the plaintiff made an election under said provision, but there was quite an amount of testimony explanatory thereof, which was properly submitted to the jury.

This disposes of the 1st, 2d, 3d, 6th, 7th and 10th exceptions.

The fourth exception cannot be sustained, for the reason that testimony, as to the icing of the car, was relevant, as tending to show the condition of the melons, and that the time within which they were delivered, was unreasonable.

The fifth exception was not argued, and, therefore, will not be considered.

Lastly we proceed to the consideration of the eighth and ninth exceptions.

Section 2176 of the Code of Laws provides that, "in case of the loss of, or damage to any article or articles, delivered to any railroad corporation for transportation, over its own and connecting roads, the initial corporation first receiving the same, shall, in every case, be liable for such loss or damage, but may discharge itself from such liability, by the production of a receipt in writing, for the said article or articles, from the corporation, to whom it was its duty to deliver such article or articles, in the regular course of transportation."

The defendant introduced testimony to the effect, that it delivered the car containing the melons, to the Washington Southern Railway Co. an independent and connecting

carrier, at Lexington Va., on the 18th of July, 1906. The case of *Dunbar* v. *Ry.*, 62 S. C. 414, 40 S. E. 884, shows that the charge of his Honor the presiding Judge, embodied in the 8th exception, was erroneous.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.

MR. JUSTICE WOODS, *concurring in the result.* I concur in the result and in holding that there was error in the instruction set out in the eighth exception. It seems to me, however, that holding this instruction erroneous makes inevitable the conclusion that a verdict should have been directed in favor of the defendant.

MR. JUSTICE HYDRICK *concurs in this opinion.*