## THE WEST CAWTHON.

(District Court, D. Maryland.   August 9, 1922.)

1. Shipping ⊙═117—Shipper held not entitled to damages on discharge of cargo at point other than port to which it had been shipped.

Where master discharged cargo at a point other than the port to which it had been shipped, on discovery that congestion in the harbor of the port made it impossible to deliver the cargo or get out of the harbor for months, and where the shipper could have sold the cargo at the place in which it was discharged for as much as or more than it would have brought at such port, the shipper was not entitled to damages, regardless of whether the bill of lading gave the master discretion to discharge it at another point than that of agreed destination.

2. Shipping ⊙═117—Where cargo is discharged at point from which it could have been taken by rail to port to which shipped sooner than it could have been delivered thereat, shipper could not recover for loss of profits on buyer's refusal to take cargo, because not delivered at port.

Where master of ship, on discovery during the voyage that the congestion in the harbor to which the cargo had been shipped was so great and the available discharging and warehousing facilities were so limited that it would not be possible, under existing port regulations, for perhaps months, either to deliver the cargo or get out of the harbor, discharged the cargo at another point, at which the ship arrived in regular course before going to the port to which the cargo had been shipped, and from which the cargo could have been taken by rail to such port sooner than by any possibility under the prevailing conditions it could have been delivered from a ship in the harbor, the shipper could not recover for the loss of profits he would have made from a sale which he had negotiated to one who subsequently refused to take the cargo, because not delivered at such port.

3. Shipping ⊙═142—Where ship notified shipper of loss, shipper could recover therefor, without making claim within time specified by bill of lading.

Where a part of the cargo was lost by the ship, and before delivery of any portion of the cargo the ship, or some one on its behalf, notified shipper of such loss, the shipper could recover therefor, notwithstanding failure to make claim for loss within time limited by bill of lading.

In Admiralty.   Libel by U. S. Pacific Company, Inc., against the steamship West Cawthon.   Judgment for libelant for a portion of the relief prayed for.

Lord & Whip, of Baltimore, Md., for libelant.

Harrington, Bigham & Englar, of New York City, and Janney, Stuart & Ober, of Baltimore, Md., for respondent.

ROSE, District Judge.   The libelant seeks to recover damages for misdelivery and for nondelivery of a consignment of bag rice shipped upon the steamship West Cawthon from the Orient to Havana.   When the ship reached Cienfuegos, Cuba, at which she arrived in regular course before going to Havana, her master learned that the congestion in the harbor of the latter place was so great, and the available discharging and warehousing facilities were so limited, that it would not be possible, under the existing port regulations, for perhaps months, either to deliver the rice or to get out of the harbor.   The evidence shows that he was right, and has convinced me that no prudent consignee would have wanted the attempt to have been made.   The master

⊙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

accordingly discharged the rice at Cienfuegos, and in so doing he showed good judgment.

[1] The claimant relies upon various provisions of the bill of lading, which it contends confer upon the master discretion to discharge at another port than that of agreed destination. It is unnecessary to consider whether this contention is or is not well founded, for the evidence abundantly shows that the delivery at Cienfuegos, instead of Havana, caused no legal damage to the libelant, as the rice could have been sold for as much or more at Cienfuegos as it would have brought at Havana.

[2] The libelant cannot recover for the loss of profit he would have made from a sale which he had negotiated to some one who rightfully or wrongfully subsequently refused to take the rice because the ship had not delivered it to Havana. The libelant could easily have had it, taken by rail to that place at a date earlier than by any possibility, under, the conditions prevailing in the port, it could have been delivered there from a ship in that harbor.

[3] A number of the bags of rice were never delivered anywhere. They were lost by the ship, and the contention is made on its behalf that the libelant cannot recover for their value, because it did not put in a claim for them in the time limited within the bill of lading. The fact is, however, that the delivery was never made at the port at which it should have been, and that, before it was ever delivered anywhere, the ship itself, or some one on its behalf, notified the libelant that the bags in question were lost.

Under the very peculiar circumstances of this case, the ship must be held for their value; but that is all for which it is answerable.