## THE SUSQUEHANNA.

(District Court, D. Maryland. July 28, 1923.)

1. **Shipping ☞106—Incorporation in bill of lading of conditions by reference held valid.**

A provision of a through bill of lading issued by a railroad company for a shipment to a European port, that the property should be subject to all conditions expressed in the regular forms of bills of lading in use by the steamship company at the time of shipment, is valid and makes the provisions of such ocean bills of lading a part of the contract.

2. **Shipping ☞142—Limitation of time for bringing suit on bills of lading held valid.**

Provisions in ocean bills of lading that the carrier shall not be liable for any claim unless written notice thereof is given before removal of the goods from the wharf, and that no suit therefor shall be maintainable unless instituted within three months after such notice, *held* reasonable and valid.

In Admiralty. Suit by M. C. Madsen and others against the steamship Susquehanna. On intervening petition of the Morris Packing Company and answer thereto. Petition dismissed.

George W. P. Whip, of Baltimore, Md., for intervening petitioner Morris Packing Co.

George Forbes and Henry L. Wortche, both of Baltimore, Md., for the Susequehanna.

SOPER, District Judge. On February 28, 1922, the Morris Packing Company filed an intervening petition in this case, alleging that on November 24, 1919, the petitioner shipped on board the steamship Susquehanna, then lying in the port of Baltimore, certain quantities of lard and ham, in good order and condition, to be carried by the steamship to the port of Bordeaux, France, and there to be delivered to the Morris Packing Company; that the steamship sailed from the port of Baltimore, arrived at Bordeaux on January 17, 1920, and there made delivery of part of the merchandise, but not in good order and condition as when shipped, but short, and seriously injured and damaged. The petitioner claims damages in the sum of $22,354.09.

The answer of the Susquehanna Steamship Company, Incorporated, to the intervening petition, denies the damages alleged, and sets up the additional defense that the bill of lading sued on by the intervening libelant contained the following clause:

"18. That the property covered by this bill of lading is subject to all conditions expressed in the regular forms of bills of lading in use by the steamship company at time of shipment, and to all local rules and regulations at port of destination not expressly provided for by the clauses herein,"

—and that the regular form of bill of lading in use by the ocean carrier at the time of this shipment provided as follows:

"1. The freight on the cargo hereunder is regulated by the value thereof and is based on the valuation of not exceeding $20 per cubic foot or pro rata, unless a greater valuation is declared and written in the Bill of Lad-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ing. The carrier shall not be liable in case of total loss or short delivery of any package for more than $20 per cubic foot or the amount stated on the bill of lading for such packages, and any partial loss for which the carrier shall be liable shall be adjusted pro rata on that basis or on behalf of the insurers thereof, whether under the guise of advances, loans or otherwise.

"The carrier shall not be liable for any claim whatsoever unless written notice thereof shall be given to the carrier before removal of the goods from the wharf.

"No suit to recover for loss or damage shall in any event be maintainable against the carrier unless instituted within three months after giving of written notice as above provided.

"No agent or employee shall have authority to waive any of the requirements of this clause."

The proof sustains the allegations of the answer as to the bills of lading, and the case comes before the court on the sufficiency of such allegations as a defense.

If the clause of the ocean bill of lading is incorporated in and made a part of the contract of shipment, and if this clause is valid, the intervening libelant has no standing in court, because it is conceded that the alleged damage to the goods occurred in the early part of the year 1920, and that the intervening libel was not filed until February 28, 1922. It is conceded that no suit to recover for the loss or damage was instituted within the three-month period after the giving of the written notice above provided.

[1] The libelant contends:

(1) That the clause of the ocean bill of lading cannot be made a part of the contract of shipment by reference.

(2) That even if the ocean bill of lading is incorporated in the contract of shipment, the provisions in section 1 for written notice to the carrier of loss before removal of the goods from the wharf, and the requirement of suit within three months after such written notice, are unreasonable.

The libelant points out that the representatives of the ship did not issue any bill of lading after the goods were loaded on the ship, but carried them from Baltimore to Bordeaux pursuant to the through bills of lading issued at the interior points of shipment by the railroad companies. Nevertheless the bills of lading issued to the shipper contained the clause in question, incorporating the provisions of the ocean bill of lading, and put the shipper on notice as to the contents of the ocean bill of lading at the time of the shipment. There is no good reason apparent why the terms of the ocean bill of lading could not be incorporated in the railroad bill of lading, so as to form part of the contract governing the shipment. South Atlantic S. S. Line v. London—Savannah Naval Stores Co., 255 Fed. 306, 166 C. C. A. 476.

[2] Nor do the requirements of the ocean bill of lading, with regard to notice and suit, appear to be unreasonable under the circumstances of the case. It is conceded that such provisions are valid and enforceable, provided only that they are reasonable. Even if it were unreasonable to require that notice of damage should be given before the goods were taken from the wharf, there is nothing unrea-

sonable in the requirement that suit should be brought within three months after the giving of the notice of loss, and such has been the ruling of the courts. Koppel Industrial Car & Equipment Co. v. Baltimore Steamship Co. (D. C.) 287 Fed. 203; The Turret Crown (C. C. A.) 284 Fed. 439; The Queen (D. C.) 78 Fed. 155, affirmed Pacific Coast S. S. Co. v. Bancroft Whitney Co., 94 Fed. 180, 36 C. C. A. 135, reversed Queen of the Pacific, 180 U. S. 49, 21 Sup. Ct. 278, 45 L. Ed. 419; Jamison v. N. Y. & Porto Rico S. S. Co. (D. C.) 241 Fed. 389; The West Cawthon (D..C.) 281 Fed. 894.

No adequate explanation has been given for the delay of two years. in filing suit, and the intervening petition must be dismissed.