## THE SUSQUEHANNA.

### MORRIS PACKING CO. v. SUSQUEHANNA S. S. CO., Inc., et al.

(Circuit Court of Appeals, Fourth Circuit. February 5, 1924.)

#### No. 2176.

1. **Shipping ⬤►106—Incorporation in through bill of lading of conditions by reference to ocean bill held valid.**

    A provision of a through bill of lading, issued by a railroad company for a shipment to a European port, that the property should be subject to all conditions expressed in the regular forms of bills of lading in use by the steamship company at the time of shipment, is valid, and makes the conditions of the ocean bills a part of the contract.

2. **Shipping ⬤►142—Limitation in bills of lading of time for bringing suit for damage to cargo held valid.**

    Provisions in an ocean bill of lading that the carrier shall not be liable for any claim unless written notice thereof is given before re-

⬤►For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

moval of the goods from the wharf, and that no suit therefor shall be maintainable unless instituted within three months after such notice, are reasonable and valid.

**3. Shipping ☞132(1)—Suit for damage to cargo held barred by laches.**

Delay of more than two years before bringing suit for damage to cargo, without valid excuse, *held* such laches as to defeat recovery.

Appeal from the District Court of the United States for the District of Maryland at Baltimore; Morris A. Soper, Judge.

Suit in admiralty by M. C. Madison and others against the steamship Susquehanna. The Morris Packing Company appeals from a decree dismissing its petition and amended petition. Affirmed.

For opinion below, see 291 Fed. 698.

George W. P. Whip, of Baltimore, Md. (Earle Farwell and Barry, Wainwright, Thacher & Symmers, all of New York City, and Lord & Whip, of Baltimore, Md., on the brief), for appellant.

George Forbes, of Baltimore, Md., and Charles R. Hickox, of New York City (J. H. Herbert, of New York City, and Henry L. Wortche, of Baltimore, Md., on the brief), for appellees.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WADDILL, Circuit Judge. This is an appeal from a decree of the United States District Court for the district of Maryland, in the admiralty cause in said court of M. C. Madison and others against the steamship Susquehanna, whereby the court on the 16th day of June, 1923, dismissed the petition and amended petition of the appellant therein filed respectively on the 28th of February, 1922, and the 23d of April, 1923.

The petitioner sought to recover against the Susquehanna the sum of $23,354 for loss and damage to a certain shipment of meat products by petitioner from Omaha, Neb., St. Joseph, Mo., and Chicago, Ill., to the Morris Packing Company at Bordeaux, France, routed via Baltimore on the steamship Susquehanna. On arrival at Bordeaux on January 17, 1920, it is claimed the merchandise in question was delivered in part not in good condition, and the balance not delivered at all, resulting in the damage to petitioner sued for.

The steamship denied all liability in the premises, and set up among other defenses that the shipment was subject to the conditions contained in the regular form bill of lading in use by the steamship company at the time of the shipment, and to all local rules and regulations at the port of destination, and not expressly provided for by the clauses of the bill of lading; and the answer to the libel and petition specially set up as defenses to the claims asserted two clauses of the bill of lading, as follows:

"The carrier shall not be liable for any claim whatsoever unless written notice thereof shall be given to the carrier before the removal of the goods from the wharf."

"No suit to recover for loss or damage shall in any event be maintainable against the carrier unless institution of suit within three months after giving of written notice as above provided."

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The proofs in the cause sustain the allegations of the answer, and the case really turns upon the validity of the provisions of the bill of lading, and particularly the clause requiring notice to be given to the carrier, and suit to be brought within three months thereafter.

There is no serious dispute in the testimony that the bill of lading was the regular form in use by the ocean carrier at the time of the shipment, and that it constituted and was made part of the original bill of lading for the through shipment; nor is there any dispute of the fact that the provisions respecting the giving of notice to the carrier before removal of the goods from the dock, and the institution of the suit within three months thereafter, were not complied with.

[1, 2] The validity of clauses of the character in question, both as respects the effect of the through bill of lading, the giving of notice and the specification of the time in which suit shall be instituted, are too well settled now to admit of serious doubt; the limitation within which suit may be instituted depending upon the justness and reasonableness of the requirements, and that they do not exempt the carrier from responsibility arising from its negligence. The case of South Atlantic Steamship Line v. London-Savannah Naval Stores Co., 255 Fed. 306, 166 C. C. A. 476, a decision of the Circuit Court of Appeals for the Fifth Circuit, will be found to bear directly upon the effect of a through bill of lading such as is involved in this case, as will also the case of Dunbar v. Charleston & Western Car. Ry. Co., 62 S. C. 414, 40 S. E. 884.

The clauses of the bill of lading respecting notice, and the time within which suit is to be brought, have been the subject of frequent decisions of the courts of this circuit, and the same held reasonable and valid. The case of The Turret Crown, 284 Fed. 439, 442, a very recent decision of this court, fully considered the subject; the court saying:

"To say that the provision requiring notice before removal from the wharf is unreasonable because of the difficulty of inspection there, and at the same time to say that, because of this unreasonableness, no obligation at all existed on the part of the owner of the freight to give notice within a reasonable time after removal, would be to establish a principle of law which would have, we think, no foundation in right or justice. What has been said of the reasonableness of the notice may be said, with even more emphasis, as to the reasonableness of the provision for the institution of the suit. Such provisions are common in the commercial life of the nation, and are found almost without exception in the contracts of carriage by both rail and water, and in cases no more drastic than that now under consideration have invariably been upheld by the courts to encourage promptness, and that 'the parties shall not suffer by loss of evidence from death or disappearance of witnesses, destruction of documents or failure of memory' (Railroad Co. v. Harriman, 227 U. S. 657, 33 Sup. Ct. 397, 57 L. Ed. 690); and, we may add, to enable the party claimed against to verify the justice and reasonableness of the claim by an opportunity, himself, of inspecting the damage or checking against the loss claimed before the subject-matter itself is so lost or mingled as to make investigation impossible."

To this case and the authorities cited, reference is made, without further citation of authority, as conclusive of the subject under consideration.

[3] The Turret Crown Case, supra, is authority in this case from another view. There, as here, the institution of the suit was delayed

for some two years, and the court held that there was nothing in the record which justified or excused such silence. This is strikingly true in this case. Here was a delay of 25 months in instituting the proceedings, and no valid excuse given therefor. This circumstance, in-transactions of this kind in admiralty, independent of stipulation between parties seeking to shorten the time within which suits should be brought, would generally be sufficient to defeat a recovery because of laches and staleness of the claim.

The decision of the District Court will be affirmed, at the cost of the appellant.

Affirmed.