## POWERS v. POWERS.

(Supreme Court, Appellate Division, Second Department. June.12, 1903.)

1. DIVORCE—SEPARATION—CRUEL TREATMENT—JUSTIFICATION—EVIDENCE.
   Where, in a suit for separation from bed and board for cruel and inhuman treatment, defendant alleged acts of provocation, under Code Civ. Proc. § 1765, providing that in such action a defendant may set up in justification the misconduct of the plaintiff, and, if the defense is established to the satisfaction of the court, defendant is entitled to judgment, it was error to limit defendant's proof to acts constituting justification occurring not later than the same day on which the acts of cruelty charged in the complaint were committed.

Appeal from Special Term, Nassau County.

Action by Louise T. Powers against James J. Powers. From a judgment granting plaintiff a separation from bed and board, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Morton Stein, for appellant.
R. McC. Robinson, for respondent.

WILLARD BARTLETT, J. The complaint charged the defendant with five specific acts of cruelty, all committed in or since the month of July, 1898. The answer denied all of these allegations, except the charge that in or about the month of May, 1899, the defendant threw the contents of a slop jar over the plaintiff. In regard to that occasion, the answer averred that the defendant was then subject to great provocation, growing out of the fact that the plaintiff had allowed her son to sleep for several nights in a bed too filthy for description, and had left the child in such a neglected condition that an altercation arose, during which the slops were thrown upon the plaintiff. In addition to the denials which were coupled with this admission, the answer alleged that the plaintiff was a person of violent temper, and given to the use of profanity and obscene and improper language in the presence of children; that she was accustomed to drink intoxicating liquors to excess, sending her children as messengers to obtain the same, whereby they were enabled themselves to become intoxicated; that she had on four separate occasions attempted to commit suicide; that she had deliberately deserted the defendant and his children on four separate occasions; that she had performed or caused to be performed criminal operations upon herself without the defendant's knowledge and consent; that she had kept the defendant's house and his children in so filthy a condition as to endanger the lives of the children; that she had assaulted the defendant on various occasions, and once fired at him with a pistol; and that she had repeatedly struck the defendant with her fist while he was protecting the children from her violence. These averments in the answer must be regarded as having been pleaded, under section 1765 of the Code of Civil Procedure, which provides that in an action of this kind "the defendant may set up in justification, the misconduct of the plaintiff; and if that defence is established to the satisfaction of the court, the defendant is entitled to judgment."

The learned judge who presided upon the trial excluded, under exception, a great deal of evidence which was offered by the defendant in support of these averments in the answer. The remarks which accompanied the rulings indicate that he regarded nothing as admissible under this portion of the answer except proof of occurrences contemporaneous with the acts of cruelty charged in the complaint, and tending to establish some excuse for such acts. Thus in one place the learned court said to counsel for the defendant: "I will confine you to such proof as is pertinent to your denial of the plaintiff's assertions, and to proof of any excuse for those acts which you admit to have been committed." In another part of the record the remarks of the learned judge imply that he thought that proof of any excuse for an alleged act of cruelty must relate to the very day upon which such act was committed, for, when the defendant was asked what was said between the parties in relation to the care of the household and preparation of meals just before some of the acts alleged in the complaint were committed, the court admonished counsel: "Keep right

to the occasion, not to the day before. That I will not permit." We think that this line of ruling involved a misconception as to the rights of the defendant under the law of procedure applying to separation suits. The question whether a particular act charged in the complaint is to be deemed such cruel and inhuman treatment as to warrant a decree of separation, under the statute, may well depend upon the previous relations of the parties. If this man and his wife had lived a harmonious married life, there can be no doubt that his conduct, as testified to by himself, in the matter of the slop jar, would constitute such an outrageous indignity as not only to justify, but demand, a decree of separation. On the other hand, if the parties had led a cat and dog life of constant bickering and altercation, in which the woman was as much to blame for the quarrels as the man, and which had been characterized by assaults on her part, and by filthy neglect of her children, extending over a series of years, the misconduct of the defendant on the occasion to which we refer, although outrageous and reprehensible to the last degree, might not form an adequate basis for a judgment compelling the husband to support the wife separate and apart from his own household. In other words, it may be laid down as a general rule in such actions that a picture of the previous married life of the parties is essential to an intelligent and fair conclusion as to the effect which ought to be given to proof of a particular act of cruelty on the part of the husband. The full import of such an act, and the consequences which the law ought to impose therefor, can only be understood and arrived at after the fullest information has been acquired as to the events which preceded it, and the relative position of the parties toward one another at the time when it occurred. It is to be borne in mind that the defendant in such an action is not confined to proof of misconduct on the part of the plaintiff which can be regarded as the immediate cause of the alleged cruelty. Doe v. Roe, 23 Hun, 19. "Actions for separation, whether based on desertion or cruelty, are subject, under the Code of Civil Procedure, to the defense of misconduct; and in cases of this character it is important that the court know what has been the conduct of the wife toward the husband, as well as what has been his conduct toward her, in deciding the question whether it is a proper case for a decree of separation." Deisler v. Deisler, 59 App. Div. 207, 212, 69 N. Y. Supp. 326.

This record presents a pitiable picture of marital infelicity, and it may very well be that, even when the defendant has introduced all the available evidence at his command in support of the averments of the answer, a trial court will still feel bound to separate these parties. He has not had a fair trial, however, when deprived of the opportunity to present such evidence; and, for the error committed in excluding it upon the trial now under review, we feel that it is our duty to reverse the judgment.

Judgment reversed and new trial granted; costs to abide the final award of costs. All concur.