BARILA v. BARILA.

(Supreme Court, Appellate Division, Second Department.   November 15, 1912.)

HUSBAND AND WIFE (§ 297*)—SEPARATION—EVIDENCE.

In the trial of defendant's counterclaim for separation, after denial of divorce to plaintiff, it was error to exclude evidence of defendant's adultery, where plaintiff, while admitting his present refusal to live with defendant, offered to negative abandonment of defendant, and to show that he was absolved from any obligation to live with her; the court's finding that the evidence of defendant's adultery was insufficient to authorize granting the divorce not precluding proof thereof on the issue of abandonment.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1090; Dec. Dig. § 297.*]

Appeal from Special Term, Kings County.

Action by Raffaele Barila against Rose Barila.   From a judgment of separation rendered on defendant's counterclaim, plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Samuel Wechsler, of New York City, for appellant.

Alexander Caccia, of New York City, for respondent.

JENKS, P. J.   The plaintiff appeals from a judgment of the Special Term that dismisses on the merits his action for absolute divorce, and decrees a separation upon the counterclaim, with alimony and costs.   The court announced at the close of plaintiff's case that it had decided against the plaintiff on his plea, and thereupon proceeded to try the counterclaim, to which the plaintiff had replied by general denial, and by allegation of adultery and adulterous conduct.   The trial thereof was subject to the same procedure as if there had been a separate action upon the subject-matter between the parties transposed.   Section 974 of the Code of Civil Procedure.   The plaintiff could offer proof to negative the alleged abandonment, and of such conduct on the part of the defendant as absolved him from an obligation to take his wife to his bed and board.   It was not necessary that he should establish adultery; but, in the words of Woodward, J., writing for this court in Deisler v. Deisler, 59 App. Div. 213, 69 N. Y. Supp. 330:

"Misconduct which would subject the defendant to humiliation and disgrace in the community, making him an object of popular contempt, would constitute cruelty on the part of the plaintiff which would forbid the interposition of a court of equity in her behalf."

This judgment was cited with approval in Hawkins v. Hawkins, 193 N. Y. 409, 86 N. E. 468, 19 L. R. A. (N. S.) 468, 127 Am. St. Rep. 979, 15 Ann. Cas. 371.   But the court interfered during the cross-examination of the defendant, who was the first witness to sustain the counterclaim; and when, by interrogation of the parties, it had ascertained that the defendant was willing then to resume co-

habitation, but that the plaintiff would not, it forthwith announced that it would award the defendant judgment of separation. The counsel for the plaintiff said that he desired to offer evidence as to "what occurred at the time"; but the court refused audience upon the express ground that it was immaterial as to "what happened then," saying, further, "He will not have her now." The counsel then urged, "The question is whether he is obliged to have her now," and the court answered, "He is obliged to take her, or else I will give her a separation." The court refused a request for a continuance, with the statement, "If your client says he will not have her back, that is the end of it," and when the counsel said that he thought that he was entitled to have the plaintiff's evidence on the record with reference to what occurred, the court replied: "No.; it does not make any difference. It comes now to the point that he will not have her, and I will give her a decree." The counsel protected his client by several exceptions.

It follows that the court gave judgment solely upon the present mental state of the parties, as evinced by their willingness and unwillingness, respectively, to resume cohabitation. And the court in effect held that if the plaintiff in a separation suit, upon abandonment, is willing at trial to resume cohabitation, the defendant must assent, under the penalty of a judgment that rests upon an abandonment established solely by his present refusal of cohabitation. But the question before the court was whether the husband, without the consent of the wife and without legal justification, had abandoned her in the eye of the law, so as to justify a judgment of separation against him. And as the husband was entitled to litigate that question, the court should have heard his evidence, and not have confined him to a declaration as to his present state of mind upon cohabitation.

It is true that the plaintiff's reply to the counterclaim, so far as the allegations of adultery and adulterous intercourse were made, referred to the misconduct alleged in his complaint, and that the court had theretofore announced that it did not find the proof sufficient for a decree a vinculo against the wife; but nevertheless there was no technical reason why the plaintiff could not plead such adultery, and attempt to sustain it, upon the issue raised by the counterclaim. Hawkins v. Hawkins, supra. The announced holding of the court that the evidence as to the adultery or adulterous conduct was not sufficient to support an affirmative judgment for adultery did not preclude proof thereof upon the issue of abandonment. There was no decree that could be pleaded as res adjudicata. Denike v. Denike, 44 App. Div. 621, 60 N. Y. Supp. 110, affirmed 167 N. Y. 585, 60 N. E. 1110.

Moreover, the plaintiff was entitled to offer any proof germane under the issue joined upon the counterclaim, in order to have a record of the disposition thereof by the court. It might well be that, coupled with the cross-examination of the defendant, the evidence as to the same adulterous conduct relied upon by the husband for an absolute divorce would have moved the court to deny affirmative judgment of separation to the defendant. Further, if the plaintiff's evidence rele-

vant under the plea of his general denial had been heard, it might have defeated the defendant, whose judgment now rests alone, and erroneously, upon the attitude of the respective parties at the time of trial. It was said in Deisler v. Deisler, supra, and quoted with approval in Powers v. Powers, 84 App. Div. at page 590, 82 N. Y. Supp. at page 1024:

"Actions for separation, whether based on desertion or cruelty, are subject, under the Code of Civil Procedure, to the defense of misconduct; and in cases of this character it is important that the court know what has been the conduct of the wife toward the husband, as well as what has been his conduct toward her, in deciding the question whether it is a proper case for a decree of separation."

In view of the direct examination of the defendant as to her abode, I think that the court should not have checked cross-examination as to the particular circumstances and conditions surrounding it, even if it did establish and tend to establish suspicious relations with the corespondent, who had escaped by the decision of the court upon the issue of adultery.

I am not prepared to say that the court erred in its conclusion upon the issue of adultery, so that we would be justified in a reversal of its judgment thereupon. But the judgment of separation must be reversed, and a new trial must be granted upon the issue of abandonment; costs to abide the final award of costs. All concur.