BROWN-DUFFY GOATSKIN CORPORATION, Respondent, *v.* LOUIS
HENKEL, Appellant.

First Department, January 9, 1925.

Pleadings — complaint — motion under Rules of Civil Practice, rule 90,
to compel plaintiff to separately state and number causes of action —
causes should be separately stated and numbered — time for making
motion — Rules of Civil Practice, rule 105, does not apply to motion
made under rule 90 — motion should be made before answer is served —
record does not show that answer has been served — statement in brief
will not control — motion was improperly denied.

A motion by the defendant to compel the plaintiff to separately state and number
the causes of action set forth in the complaint, as amplified by the bill of
particulars, should have been granted on the merits, since it appears that the
single cause of action stated is based on several items claimed to have been
wrongfully and unlawfully withdrawn by defendant from plaintiff's bank
account, each item being for a different amount, on a different day and for a
different purpose.

A motion made under rule 90 of the Rules of Civil Practice to compel the plaintiff
to separately state and number the causes of action, may be made at any time
before the answer is served and need not be made within twenty days after the
service of the complaint.   Rule 105 of the Rules of Civil Practice, which requires
that a motion made under rules 102, 103 or 104 must be noticed within twenty
days from the service of the pleading to which the motion is addressed, does
not apply to a motion made under rule 90.

A motion to compel the plaintiff to separately state and number the causes of
action in the complaint must be made before the answer is served, for the
purpose of the motion is to enable the defendant to have the complaint in such
form that he can answer or otherwise plead to the several causes of action.

A statement in plaintiff's brief that the answer has been served does not overcome
the fact that the record itself does not show the service of an answer, and,
therefore, inasmuch as no answer has been served the motion by the defendant
was made in time and was improperly denied.

APPEAL by the defendant, Louis Henkel, from an order of the
Supreme Court, made at the New York Special Term and entered
in the office of the clerk of the county of New York on the 14th
day of October, 1924, denying his motion to compel the plaintiff to
separately state and number the causes of action.

*Samuel M. Levy,* for the appellant.

*Irving J. Kurz* [*Charles D. Sprung* of counsel], for the respondent.

DOWLING, J.:

This is an appeal from an order denying the defendant's motion
to compel the plaintiff to separately state and number the several
causes of action now set forth in the complaint as the first cause of
action brought to recover the sum of $1,869.44.

The motion was made upon the complaint and plaintiff's bill of particulars, under rule 90 of the Rules of Civil Practice.

Clearly the first cause of action to recover the sum of $1,869.44 set forth in the complaint, as amplified by the bill of particulars, is made up of five separate causes of action to recover the amount of the following items, claimed to have been wrongfully, fraudulently and unlawfully withdrawn by defendant from plaintiff's bank account, each item being for a different amount, on a different date, and for a different purpose:

" (a) $378.18 (500 taels and 21.55 Mexican dollars), between February 1, 1923, and July 1, 1923, which is the amount of an embezzlement from plaintiff's bank account in Shanghai, on the part of one Pereria, a bookkeeper employed by defendant.

" (b) $42.00 (60 taels), on or about October 11, 1923, which is the amount of a check drawn by defendant on plaintiff's bank account, in payment of certain hospital expenses of the said Pereria, which payment was wholly unauthorized by plaintiff.

" (c) $314.75 (449.65 taels), on or about October 13, 1923, which is the aggregate amount of two checks drawn by defendant on plaintiff's bank account, in payment of alleged salaries of the defendant and the said Pereria, for services claimed to have been rendered after October 1, 1923, which plaintiff claims was without authority.

" (d) $834.51 (1192.16 taels), which is the aggregate amount of two checks drawn by defendant, on plaintiff's bank account, in payment of differences in foreign exchange transactions, which plaintiff claims defendant had no authority to engage in in behalf of plaintiff.

" (e) $300.00 between June 1, 1923, and September 1, 1923, which is the amount plaintiff claimed against the Compradore in Shanghai, because of the defective quality of certain merchandise bought by plaintiff and resold to its customer in New York City, for which the said customer made a claim for an allowance of $300.00, which was allowed by plaintiff, and which was paid by the Compradore to defendant in behalf of plaintiff."

Plaintiff, however, insists that the motion was made too late, since such a motion to separately state and number must be made before answer. This motion is made under rule 90 of the Rules of Civil Practice, which defines the formal requirements of pleadings. It contains no limitation of the time within which such a motion must be made.

Rule 102 of the Rules of Civil Practice provides that " If any matter contained in a pleading be so indefinite, uncertain or obscure that the precise meaning or application thereof is not apparent,

First Department, January, 1925. [Vol. 211

or if there be a misjoinder of parties plaintiff, or a defect of parties plaintiff or defendant, or if causes of action be improperly united, the court may order the party to serve such amended pleading as the nature of the case may require."

Rule 105 of the Rules of Civil Practice provides that a motion made under rules 102, 103 or 104 must be noticed within twenty days from the service of the pleading to which the motion is addressed.

But a motion to separately state and number is not made under rule 102 but under rule 90, and the limitation fixed by rule 105 does not apply to the latter rule.

As was said in Carmody on New York Practice (p. 190): " There are two motions for clarifying pleadings. The first is the motion to state separately and number, and compels the pleader to separate and number his causes of action. The second is called a motion to make more definite and certain. The first serves to clarify the pleading in regard to its general arrangement, the second to clarify it with regard to its wording. Rule 90 authorizes the first motion and Rule 102 the second."

The same author (at p. 201) in discussing rule 105 correctly says: " This rule applies to all the motions of the first class discussed in this chapter except the motion to state separately and number for the making of which no time is prescribed. Its nature is such, however, that it should be made before answering the complaint. * * * The intention is to require such motions to be made before answering, and if the answer is served during the pendency of such motion the motion is deemed abandoned."

As the purpose of a motion to separately state and number causes of action in a complaint is to enable the defendant to have the complaint in such form that he can answer or make a motion for judgment in the nature of a demurrer separately to the various causes of action embraced therein, it is obvious that good faith and orderly practice require that such a motion should be made before answer.

Though respondent states in his brief that the defendant has answered, the difficulty with the application of this rule in the present case is, that there is absolutely no proof before us of the fact that defendant has, in fact, interposed an answer. The record on appeal, besides the formal matters required, contains only the notice of motion, complaint and bill of particulars. Nowhere does it appear that an answer has been served, or when, and we are bound by the record before us and cannot consider assertions contained in a brief.

The order appealed from should, therefore, be reversed, with

ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., MERRELL, MARTIN and BURR, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.