EDWARD H. O'HARA, Respondent, *v.* JOHN N. DERSCHUG, Appellant.

Fourth Department, March 18, 1931.

*Benjamin E. Shove*, for the appellant.

*Edward Schoeneck*, for the respondent.

PER CURIAM. The practice rule (Rules Civ. Prac. rule 90) which requires each separate cause of action in a complaint to be separately stated and numbered is for the benefit of the defendant. Its purpose is to require the complaint to be in such form that the defendant may make his denials with clearness and certainty and also to aid the defendant in his preparations for trial. (*Stabilimento Metallurgico Ligure* v. *Joseph*, 189 App. Div. 173; *Glover* v. *Holbrook, Cabot & Rollins Corp.*, Id. 328.) The rule formulates a practice regulation, the enforcement of which rests largely in the discretion of the Special Term. (*Goldberg* v. *Utley*, 60 N. Y. 427.) It is true that no provision of the Civil Practice Act and no practice rule sets a limit upon the time for the making of a motion under rule 90. Nevertheless, as the purpose is, as has been stated, largely to aid the defendant in answering, application for enforcement should generally precede the answer. (*Brown-Duffy Goatskin Corp.* v. *Henkel*, 211 App. Div. 342.) This will, of course, not always be the case. Special circumstances may require the granting of relief under rule 90, after answer.

We find, however, no such special circumstances here. The defendant has encountered no difficulty in framing an answer. His task in preparing for trial and in arranging and presenting his evidence will not be lightened by such an amendment as he has sought. Each purchase of stock will necessarily be taken up separately and the questions of the falseness of the representations upon which each purchase was made, the knowledge and intention of the defendant in making those statements, and the plaintiff's reliance upon them in making the particular purchase, will necessarily be presented in the same way, whether the complaint contains one statement of a cause of action or a number of separate statements of causes of action. The bill of particulars shows clearly the number and dates of representations which preceded and which were subsequent to the various purchases of

the stock by the plaintiff. But even from the complaint, it is evident that not all the purchases, with the resulting damage, were induced by all the defendant's alleged misrepresentations. Under these circumstances we are of the opinion that the denial of the motion falls within the legitimate discretion of the Special Term. We find it unnecessary, therefore, to pass upon the question argued before us as to whether one or multiple causes of action are alleged in the complaint.

The order should be affirmed, with ten dollars costs and disbursements.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

Order affirmed, with ten dollars costs and disbursements.