CRAWFORD MUSIC CORPORATION, Plaintiff, *v.* AMERICAN RECORD CORPORATION and Others, Defendants.

Supreme Court, Special Term, New York County, November 22, 1939.

*Wattenberg & Wattenberg,* for the plaintiff.

*Meyer H. Lavenstein,* for the defendants.

PECORA, J. This motion is made to compel plaintiff to separately state and number its causes of action under rule 90 of the Rules of Civil Practice. Sixty-five causes of action are at present set forth. The first sixty-one causes are based on 498 licenses granted to the several defendants for the non-exclusive right to make mechanical or phonograph records of certain musical compositions specified. The grievance set forth in these causes of action is that defendants were to pay certain royalties upon the number of records manufactured during the quarter year and to pay plaintiff in accordance with the terms of the license agreements set forth. It is alleged that defendant or defendants manufactured many more records than set forth in the statements, those statements being inaccurate and plaintiff being entitled to much more than the amounts accounted for and paid by the defendants. Each record involves a comparatively small claim of underpayment; in the aggregate, however, the claims are substantial.

Causes sixty-two to sixty-five, inclusive, deal with certain tort phases arising from the subject-matter contained in the previous causes of action. The demand to separately state and number covers these four as well. For the sake of greater clarity, the motion directed to the first sixty-one causes will be considered first. But, preliminarily, it may be interesting to refer to the labor which will devolve upon the plaintiff if the demand to separately state is granted. If defendants are absolutely entitled to such separate statement and would be substantially prejudiced by failure to grant the motion, the amount of necessary labor would, however, be no obstacle to the grant of the motion. The present complaint, with its sixty-five causes of action, embodies 170 typewritten pages in the mere allegations of the complaint. Defendants' contention is that each grievance arising from a license connected with a given musical composition should be stated in a separate count. To comply with this demand, the counts dealing with the causes of action in breach of contract would require 498 separate counts, there being that number of license agreements. There would also be 498 separate causes of action dealing with the torts.

The present complaint in the eyes of the objectants is said to offend only on the ground that a number of licenses for musical compositions have been combined in one count. The license claims based upon assignments from Chappel & Co., Marlow Music Corporation and T. B. Harms Co. to plaintiff are all separately contained. An examination of each cause of action reveals, however, that apart from those in which the allegation of an assignment is contained, they are identical. Thus, it contains the date of each licensing, the name of the song, the amount of royalty required under the contract, the amount actually paid and an approximation of the understatement of the number manufactured, and the claimed balance due by reason thereof.

It is true that technically each license of a song is a separate contract. But the situation is no different from a general sales contract which authorizes the buyer to take deliveries at various times. Each delivery might involve litigated questions peculiar to itself; nevertheless, the entire grievance may be litigated without separately stating. There is not much difference, therefore, between a contract for the sale of numerous items to be delivered at different times and licenses of songs bearing a different date, but involving the application of common principles of calculation and a common method of rendering accounts.

Defendants urge that rule 90 of the Rules of Civil Practice makes the statement of a separate cause of action upon each license contract mandatory under the practice in the First Department, if a request for separation is made. That rule is derived from section 483 of the Code of Civil Procedure. The decision in *Goldberg* v. *Utley* (60 N. Y. 427) seems to dispose of this contention. The Court of Appeals there refused to review a case in which the grievance of the appellant was that a motion to separately state had been denied. This would indicate, as said in *O'Hara* v. *Derschug* (232 App. Div. 31 [4th Dept.]), that the rule formulates a practice regulation, the enforcement of which rests largely in the discretion of the Special Term. A distinction might be made where the moving party can show distinct prejudice for failure to compel a separate statement. There may be instances where the denial of such a request may involve substantial prejudice. But defendants have shown no such situation here.

They have indicated that perhaps they would be barred under rule 114 from moving to dismiss a claim which is not embodied in a separate cause of action. That argument seems to be disposed of in an observation made by Mr. Justice SCHMUCK in *Gans* v. *Hearst* (173 Misc. 662), where he says: " If any defendant should be able to show by affidavit or by facts appearing subsequent to the joinder

of issue or at any other time prior to trial that a certain claim, although incorporated with others in a single count, is unwarranted in fact there is no reason why it should not be allowed to show this by affidavit and to ask that such claim be separated from the rest of the count, and dismissed against the moving defendant under rule 114, as though it were an independent cause of action."

The fact is that even the *O'Hara* case (*supra*) indicates the possibility of a motion to separately state as appropriate under special circumstances, even after the joinder of issue. So that if conditions should later develop requiring a separation of any given license of a musical composition from the rest of the count, application therefor might be made. On the whole, there seems to be no prejudice in allowing the complaint to stand, and, certainly, no obstacle in the way of interposing an answer.

As to the tort counts, without expressing any opinion as to the merits, the situation is not very different. If plaintiff intended to assert the fraud actions as parallel to the contract actions, perhaps a demand for a separate statement in accord with those in counts 1 to 61, inclusive, might be justified. But something more seems to have been inserted to show a concerted plan on the part of several of the defendants to aid and abet in each other's fraud.

Whether such a claim rightfully extends the measure of damages beyond that asserted in the breach of contract claim or in the ordinary fraud claim is beside the point here. It is sufficient to say that as yet defendants have shown no need for a separate statement, either of the tort actions or of those in contract.

The motion is denied. The defendant may have ten days within which to answer.