PASQUALE ALTIERI, Plaintiff, *v.* DORAL CONSTRUCTION CORP., Defendant and Third-Party Plaintiff. SIMON HOLLAND & SON, INC., et al., Third-Party Defendants.

Supreme Court, Special Term, Bronx County, February 23, 1954.

*Willard G. Burt* for Simon Holland & Son, Inc., third-party defendant, proponent on the motion.

*McDevitt, Stricker & Needham* for Atlas Erectors Co., third-party defendant.

*Cohen, McGuirk & Michels* for Borrelli, Inc., third-party defendant.

*William J. Tropp* and *Sidney Goldfinger* for defendant and third-party plaintiff, respondent on the motion.

*Seymour Gloger* for plaintiff.

MATTHEW M. LEVY, J. The third-party amended complaint appears on its face to plead but one cause of action. But paragraph 16 alleges not only a common-law cause of action for negligence but also a statutory cause of action for negligence under section 241 of the Labor Law. A third-party defendant moves under rule 90 of the Rules of Civil Practice to compel the service of a further amended complaint, separately stating and numbering the causes of action.

The opposition asserts that there is but a single cause of action stated in the pleading and that the setting forth of the statutory and regulatory requirements in paragraph 16 is merely presenting a general statement of the omissions constituting the negligence claimed. Whatever may be the rule in ordinary situations, a claimed violation of section 241 of the Labor Law, particularly as between third-party litigants, is in a different category. Where a pleaded cause of action appears to be based upon such a statutory duty, it is quite distinguishable from one based upon common-law negligence. The third-party plaintiff should therefore have enumerated each claim in a separate cause of action so that the moving defendant might answer the complaint without peril and with a view to aiding the court in the disposition of the several issues among the respective parties.

But the respondent claims that the motion was not made within due time. I do not agree. Unlike the case with some other motions directed to pleadings, there is no fixed chronological time limitation as to when a rule-90 motion may be made. This type of motion is timely if made at any time before answer (*Brown-Duffy Goatskin Corp.* v. *Henkel,* 211 App. Div. 342),

and special circumstances may even permit the granting of the relief after answer (Prashker on New York Practice [2d ed.], p. 325, § 220, subd. 3). Since the moving party's answer here has not been served, its time within which to make the motion under rule 90 has not expired.

Of course, the parties may by stipulation expressly bar the making of such a motion, or the moving party may have waived his right to make it. That, however, is not the situation here. It appears that when the usual form stipulation was presented to the third-party plaintiff extending the third-party defendants' time within which " to answer, *or make any motion with relation* to the complaint in this action ", the italicized words were stricken before execution. (It will be noted that the express reference in the stipulation is to the " complaint ", and not to the " third-party complaint ", but I shall assume that the latter was intended). But there is here no indication just which motions the parties intended should not be made. Ordinarily, an application under the rules providing for corrective motions, such as rules 102, 103 and 104, for example, must be made within twenty days from the service of the pleading to which the motion is addressed (rule 105). A stipulation of extension would therefore be needed, should a party desire, even before answer, to make motions under these rules beyond the twenty-day period. The stricken words may have related to such motions. Striking out the words " or make any motion with relation " to the third-party complaint in this action, does not (in my view) result in the moving defendants losing the right to make the present motion, so long as the stipulation gave them an extension of time to answer. For, as has been seen, there is no specific time limitation under rule 90 within which to make a motion to compel a pleader separately to state and number the causes of action pleaded.

I hold that the instant motion is not barred by law or by rule or by the present stipulation between the parties, and I therefore direct that a further amended third-party complaint be served within ten days after service of a copy of the order herein with notice of entry, without prejudice to the existing calendar status of the action. Order signed.