James S. Brown, J.
In this personal injury action against the Port of New York Authority and Trailways of New England, Inc., said Trailways of New England, Inc., moves for an order directing plaintiff to serve an amended complaint separately stating and numbering the alleged causes of action with respect to such defendant.
The complaint sets forth two causes of action, the first primarily charging the Port of New York Authority with negligence, and the second charging Trailways of New England, Inc., with similar negligence. However, Trailways of New England, Inc., contends that under paragraph twenty-fieth, relating to it, plaintiff pleads a cause of action in the negligent maintenance, custody and control of the escalator involved, which is located in the Port of New York Authority building and which was allegedly the cause of the accident, and another cause of action alleging that both defendants failed to provide plaintiff, after the accident, with necessary medical care and assistance during her journey as a passenger on the defendant’s bus. It is this paragraph that this moving defendant wants separately stated and numbered, alleging that it presents different questions of law and fact.
The technical objections that a copy of the pleading was not attached to the moving papers and that the affidavit of the attorney in support of the motion is not in compliance with the rules, are unsound. A copy of the pleading is attached to the moving papers before the court and the attorney sufficiently stated the reasons why he, and not the defendant, was the moving party in this motion relating to practice procedure.
As to the merits of the application, it appears that the plaintiff alleges only one cause of action and that pertains to the injuries sustained by reason of the improper maintenance and control of the escalator in question and that the claimed failure to provide medical care, etc., if such duty existed, is merely a *203 statement of the aggravation of the injuries. Only one primary right is alleged. A cause of action based upon a series of acts, all of which tend to spell out a single continuous breach of alleged duty, may not be attacked by a motion to separately state and number (Drivas v. Lekas, 23 N. Y. S. 2d 1015, affd. 260 App. Div. 865). Furthermore and notwithstanding the possible technical existence of more than one cause of action, where such a motion, if granted, would serve no useful purpose, or a defendant fails to show substantial prejudice, such motion should be denied. (See 4 Carmody-Wait on New York Practice, p. 727; Crawford Music Corp. v. American Record Corp., 173 Misc. 205, affd. 258 App. Div. 955.) Assuming that defendant is correct in its contention, the plaintiff would still by necessity be compelled to plead substantially all of the allegations of her complaint relating to defendants’ negligence in the maintenance of the escalator in the proposed cause of action for improper medical attention. To compel plaintiff to do so would serve no useful purpose. As such relief rests in the sound discretion of the court, being a practice rule, the purpose of which is to require the pleading to be in such form that the party may make its denials with clearness and certainty (O’Hara v. Derschug, 232 App. Div. 31; Medin v. De Gennaro, 3 Misc 2d 40), it seems that the pleading, as it is now constituted, falls within such purpose and definition and need not further be segregated. In any event, the defendant is well protected in its rights as the plaintiff has clearly demonstrated that she is willing to stipulate that she intends to state, and does state, only one cause of action and that the other allegations relating to lack of medical care are alleged only by way of aggravation of damages (Benson v. Society of New York Hosp., 283 App. Div. 952; Smith v. Bower, 270 App. Div. 977). The motion is therefore denied on condition that such stipulation be executed within 10 days after the publication of the decision. Defendant may answer within 10 days after the service of a copy of the order with notice of entry. Settle order on notice.