Frank H. Coyne, J.
In this action brought by plaintiffs to recover damages for an alleged diminution in the value of their *309 respective properties resulting from an alleged violation of certain covenants and warranties, defendants move for an order requiring plaintiffs to separately state and number their respective causes of action.
The relief sought rests in the sound discretion of the court. Eule 90 of the Eules of Civil Practice is a practice rule, the purpose of which is to require the pleading to be in such form that the adverse party may make denials with certainty, and also aid in the preparation for trial. (O’Hara v. Derschug, 232 App. Div. 31; Carillon Ceramics Corp. v. Richmond Radiator Co., 60 N. Y. S. 2d 559, affd. 270 App. Div. 833.) Section 212 of the Civil Practice Act provides that all persons may join or be joined in one action as plaintiffs or defendants if they assert, or if there is asserted against them any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all of them may arise in the action. However, as in the present instance, the proper joinder of plaintiffs having separate causes of action against defendant or defendants does not fuse the respective claims. The cause of action of each plaintiff must be separately pleaded as though embodied in a separate complaint, and each cause of action must stand or fall by itself. The result is a joint action, but not a joint cause of action.
Concededly, the individual property owners herein may join in the same action. However, this does not mean that all of their claims may be commingled in the one cause of action. The misrepresentations and covenant violations by defendants, if any, constitute separate and individual wrongs which must be redressed by a separate cause of action brought by each individual property owner. Clearly, it would be prejudicial if defendants were, obliged to answer the complaint as presently drafted. Prom a reading of the complaint it would appear that negotiations were carried on by one or the other of the defendants with the several plaintiffs, at different times, over a two-year period; that all contracts are not similar, and that varying defenses may be asserted against the respective plaintiffs. (Brenner v. Title Guar. & Trust Co., 276 N. Y. 230.)
Motion granted, and plaintiffs directed to serve an amended complaint separately stating and numbering the respective causes of action within 20 days after service of a copy of the order entered hereon.
Submit order on notice.