M. Henry Martuscello, J.
Defendant moves for an order requiring plaintiff corporation to serve an amended complaint separately stating and numbering each of its alleged causes of *285 action pursuant to rule 90 of the Rules of Civil Practice, and for an order requiring all plaintiffs to make the complaint more definite and certain pursuant to rule 102 of the Rules of Civil Practice.
The complaint sets forth three causes of action, each seeking to impress a trust upon and obtain the delivery of certain shares of stock in the plaintiff corporation alleged to have been wrongfully purchased on his own behalf by the defendant, an officer and stockholder of said corporation. The first cause of action is in behalf of the plaintiff corporation and the remaining several causes of action are in behalf of individual stockholders.
It is alleged in substance in the plaintiff corporation’s cause of action that it became entitled to claim the stock in question by virtue of a provision of its by-laws requiring that any stock in the plaintiff corporation held by a deceased stockholder must first be offered for sale to the corporation itself and in the event that it fails to avail itself of its option to acquire same, such stock must be offered to the stockholders pro rata before it can be transferred to anyone else; that one Marer, a stockholder, died, and the corporation designated the defendant to act as its representative to negotiate with the executors of said decedent’s estate for the purchase of his stock by plaintiff corporation; and that the defendant accepted such designation and conducted negotiations in accordance therewith; and that without the consent or knowledge of plaintiff corporation he purchased said decedent’s stock in his own name and for his own use and benefit; and although demand therefor has been made he refuses to turn said stock over to the corporation; and that the purported transfer of said -stock to the defendant was in violation and breach of the by-laws of plaintiff corporation and constituted a breach of trust and a violation of his duty to the plaintiff corporation as an officer and director thereof.
I am of the opinion that the corporation has pleaded but a single cause of action. It seeks only to acquire the corporate stock on the basis of its by-law granting it the right thereto; and it shows that its single right was intentionally invaded by defendant’s single wrong in acquiring the stock for himself. The fact that defendant’s acquisition was not only a violation of the corporation’s by-law and of his agreement to act as its agent, but also a violation of his duty as an officer not to acquire for himself property which rightfully belongs to the corporation, does not create an additional cause of action. (See Payne v. New York Susquehanna & Western R. R. Co., 201 N. Y. 436; Greenberg v. Greenberg, 95 N. Y. S. 2d 676.) Accordingly, said phase of the motion is denied.
*286 With respect to the breach of the motion to make the complaint more definite and certain, I find that the allegations of the first canse of action, to which same is addressed, are, in the light of the other averments therein set forth, sufficiently clear so as to permit the defendant to make his denials with clearness and certainty and to aid in the preparation for trial (O’Hara v. Derschug, 232 App. Div. 31).
However, I find that the allegations under attack in the remaining causes of action lack definiteness and certainty and the motion is granted with respect thereto. The actions asserted by the individual plaintiffs rest primarily on the claim that they designated the defendant to purchase the afore-mentioned shares of stock on behalf of each; and there is no mention therein of the corporation by-law granting them alternative rights to purchase said stock. Consequently, the allegations that the transfer of said stock to the defendant constituted a breach of trust and a violation of his duty as an officer and director of the corporation to the individual plaintiff as a stockholder thereof is not sufficiently clear so as to permit the defendant to make his denials with certainty and to otherwise aid in the preparation for trial.
Settle order in accordance herewith.