Miles F. McDonald, J.
Motion, by defendant to dismiss second amended complaint as not being in compliance with prior orders of the Appellate Division and the Supreme Court, or in the alternative, for an order requiring plaintiff to make the complaint more definite and certain (Rules Civ. Prac., rule 102). Plaintiffs cross-move, pursuant to section 283 of the Civil Practice Act, requesting that the court make a finding that defendant’s objections interposed to the plaintiff corporation’s cause of action are frivolous and directing thereupon that an inquest be taken against the defendant.
The complaint herein to impress a trust on corporate stock wrongfully acquired was heretofore found by the Appellate Division decision to have been sufficiently stated (North Amer. Iron & Steel Co. v. Lefkowitz, 7 A D 2d 647). But in the same decision the court also found the complaint to be objectionable in that there had been a commingling of the corporate cause of action with the individual causes of actions into a single cause of action and the court further called attention to the fact that the ‘1 complaint does not make definite and certain in what respects the defendant breached his fiduciary duties as a director and officer of the corporation and in what respects he breached his duties under the corporation by-laws.”
Since then, Special Term has sustained the validity of the corporate cause of action as alleged in the first amended complaint which defendant had challenged as being indefinite and uncertain (17 Misc 2d 284, 286). However, by the same decision Special Term found that the two causes of actions on behalf of the individual plaintiffs lacked definiteness and certainty in that “ there is no mention therein of the corporation by-laws granting them alternative rights to purchase said stock” (emphasis supplied).
The second amended complaint, here under attack, includes the very same cause of action on behalf of the corporate plaintiff which had heretofore been sustained by the Special Term upon the challenge to the first amended complaint. The defendant, not having appealed from the prior ruling, is bound thereby and may not be heard to complain of its alleged indefiniteness and uncertainty.
As to the deficiency heretofore existing in the individual causes of actions, the court finds that it has been supplied by the allegations referring to the by-laws as the source of the claimed personal rights. These individual causes are pleaded in the alternative to the corporate cause of action.
*637 The individual plaintiffs do not sue upon a derivative right, which would admittedly belong solely to the corporation, but rather upon their personal rights granted to them under the by-laws, subject, however, to the prior corporate right, to purchase the stock of a deceased stockholder. It is a personal right, clearly distinguishable from a corporate right.
As alternatives to the corporation’s action, it is charged that defendant’s acquisition of the stock was not only a violation of the corporation’s regulatory by-law governing the stock’s assignability and of defendant’s agreement to act as agent for the purchase by the corporation allegedly for the benefit of all the stockholders individually, which would include the defendant, but also of defendant’s duty as an officer, in violation of the said by-law provision and said agreement, not to acquire for himself property which rightfully belongs to the individual plaintiffs personally.
The court finds that the allegations are sufficiently clear so as to permit the defendant to make his denials with clearness and certainty and to aid in the preparation for trial (O’Hara v. Derschug, 232 App. Div. 31).
Motion and cross motion are denied. Submit order on notice providing for service of defendant’s answer within 10 days after service of the order to be entered herein with notice of entry.