■ VIRGINIA IRON, COAL AND COKE COMPANY, Respondent, v. SAMUEL T. BROWN et al., Defendants, and JOHN L. KEMMERER, JR., et al., Appellants.—

The cause of action against the three-man committee selected by the board of directors alleged in the "Second" cause of action should be separately stated and numbered. Appellants were not members of the committee and it is not alleged they were responsible for the acts or omissions of the committee. With regard to the "Third" cause of action, the claims in negligence against appellants should be separately stated and limited to the period of their respective terms as directors. Appellants are not charged with fraud as in the case of the alleged conspirators. Concur — Botein, P. J., Rabin and McNally, JJ.; Breitel and Valente, JJ., dissent in the following memorandum: Breitel, J. (dissenting): Of rule 90 of the Rules of Civil Practice, Tripp in Guide to Motion Practice ([rev. ed.] pp. 223–224) says: "The relief rests in the sound discretion of the court. Rule 90 is a practice rule, the purpose of which is to require the pleading to be in such form that the party may make his denials with clearness and certainty and also to aid in the preparation for trial. (*O'Hara* v. *Derschug*, 232 App. Div. 31, 248 N. Y. S. 621; *Carillon Ceramics Corp.* v. *Richmond Radiator Co.*, 60 N. Y. S. [2d] 559, affd. 270 App. Div. 833, 61 N. Y. S. [2d] 605.) If the complaint states more than one cause of action, the motion should be granted (*Kramer* v. *Hubbel*, 269 App. Div. 759, 54 N. Y. S. [2d] 739), unless it is too onerous and would serve no useful purpose. The moving party should show a distinct prejudice for failure to compel a separate statement. (*Crawford Music Corp.* v. *American Record*

*Corp.*, 173 Misc. 205, 17 N. Y. S. [2d] 838, affd. 258 App. Div. 955, 17 N. Y. S. [2d] 841.) " Surely, Special Term's exercise of discretion should not be disturbed or overruled, by a divided court, where the complaint is as clearly pleaded as here. As between the two classes of allegedly miscreant exdirectors, because of the clarity of the complaint, neither class should have any difficulty in pleading to the complaint, whether it require denials or affirmative defenses. No such difficulty has been established on this appeal. By requiring a new pleading only sterile formalism is served and delay accomplished. Accordingly, I am constrained to dissent and vote to affirm the order of Special Term. Settle order on notice. [See 14 A D 2d 763.]