Anthony M. Livoti, J.
In a separation action, the plaintiff moves to dismiss the affirmative defense or, in the alternative, to require the defendant to serve an amended answer separately stating and numbering his alleged separate defenses.
The affirmative defense objected to by the plaintiff was interposed pursuant to section 1163 of the Civil Practice Act. This section permits a defendant in a separation action to set up as a defense the misconduct of the plaintiff. This defense was set forth in the answer in one paragraph which alleged a series of acts of misconduct without stating the time or place of each.
The alleged misconduct of the plaintiff is a valid defense in an action for separation (Civ. Prac. Act, § 1163). (Powers v. Powers, 84 App. Div. 588; Deisler v. Deisler, 59 App. Div. 207.) Each allegation of misconduct is not a separate defense but is part of the single defense of misconduct. (See Powers v. Powers, supra.) This defense is not within the ambit of rule 280 of the Buies of Civil Practice which requires a complaint in a separation action to specify “the defendant’s misconduct and set forth the time and place of each act complained of with reasonable certainty ’ ’. Since this defense is based upon a general course of conduct, only facts sufficient to apprise the other party of the case he will be called upon to meet need be pleaded. (See Ceva v. Geva, 186 Misc. 783; see, also, Earle v. Earle, 79 App. Div. 631; see, generally, Kalmanash v. Smith, 291 N. Y. 142, 154.)
The affirmative defense set forth in the defendant’s answer technically violates rule 90 of the Buies of Civil Practice which requires each defense to be “ separately stated and numbered, and (each defense) shall be divided into paragraphs numbered consecutively, each [paragraph] as nearly as may be containing a separate allegation.” (See Drydock Knitting Mills v. Queens Mach. Corp., 254 App. Div. 568, 569.) The plaintiff, however, has not shown how she will be prejudiced by the affirmative defense as it is now pleaded. Therefore, the court need not *712 require the defendant to serve an amended answer in strict compliance with rule 90. (See O’Hara v. Derschug, 232 App. Div. 31; Crawford Music Corp. v. American Record Corp., 173 Misc. 205, affd. 258 App. Div. 955; Greenberg v. Greenberg, 95 N. Y. S. 2d 676.) Accordingly, the motion is in all respects denied.