(see *People* v. *Hughes,* 15 N Y 2d 172). Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MANUEL B. ROLON, Appellant, v. WILFRED L. DENNO, Warden, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Westchester County, entered June 23, 1964 upon the court's decision dated April 23, 1964, which dismissed the writ and remanded him to the custody of respondent. Judgment affirmed, without costs (*People ex rel. Schlesinger* v. *Fay,* 19 A D 2d 632). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. VITO RUSSO, Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Dutchess County, entered December 23, 1964, which dismissed the writ after a hearing and remanded him to the custody of respondent. On November 29, 1965 this court affirmed said judgment (24 A D 2d 934) but on December 27, 1965 granted relator's motion for reargument and vacated said order of affirmance. Judgment reversed on the law and the facts; writ sustained; judgment of conviction rendered January 16, 1961 vacated; and action remanded to the County Court, Nassau County, for the purpose of permitting defendant to plead *de novo* to the indictment. In our opinion section 335-b of the Code of Criminal Procedure, as it read at the time defendant pleaded guilty and prior to its amendment, effective September 1, 1963, required that the statutory warning therein prescribed be given upon his arraignment and before acceptance of the plea (*People ex rel. Manning* v. *Fay,* 16 N Y 2d 1061; *People ex rel. Colan* v. *La Vallee,* 14 N Y 2d 83, 86, 87). Accordingly, the judgment of conviction must be vacated and the action remanded to the court below for the purpose of permitting defendant to plead *de novo* to the indictment (cf. *People ex rel. Di Michele* v. *Fay,* 20 A D 2d 675). Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

■ MAY S. RAMBERG, Individually and as a Stockholder of COSMO SALADS, INC., Suing on Behalf of Herself and for the Benefit of Said Corporation, Respondent, v. COSMO SALADS, INC., et al., Appellants.— In a stockholder's derivative action, defendants appeal from an order of the Supreme Court, Kings County, entered January 3, 1966 which denied their motion: (1) to dismiss the amended complaint for failure to serve an amended complaint conforming to CPLR 3014 as directed by a prior order of said court wherein plaintiff was directed separately to state and number her alleged causes of action, i.e., an individual cause of action and a stockholder's derivative cause of action or (2) in the alternative, to require plaintiff to serve a second amended complaint separately stating and numbering the causes of action. Order affirmed, with $10 costs and disbursements (*O'Hara* v. *Derschug,* 232 App. Div. 31). Defendants' time to answer is extended until 20 days after entry of the order hereon. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ PAUL STENTELLA, Respondent, v. WARREN M. LEVIN, Appellant.— In a negligence action to recover damages for personal and property injuries, defendant appeals from an order of the Supreme Court, Richmond County, entered December 29, 1965, which granted plaintiff's motion for a preference in the trial pursuant to CPLR 3403. Order reversed, without costs, and motion denied. In our opinion, the granting of a preference under the circumstances here adduced constituted an improvident exercise of discretion. There was an inadequate showing of destitution; and plaintiff's alleged physical incapacity is not such as to render him incapable of engaging in any form of income-producing activity. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.