■ CHERYL FIORELLA, Appellant, v ALBERT J. FIORELLA, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals from (1) an order of the Supreme Court, Suffolk County (Geiler, J.), dated November 20, 1986, which granted that branch of the defendant husband's motion which was for a bifurcated trial, (2) an order of the same court, also dated November 20, 1986, which granted the defendant's motion for a protective order staying discovery of his financial condition, (3) an order of the same court, also dated November 20, 1986, which denied her motion to vacate the defendant's demand for a bill of particulars, and (4) an order of the same court, dated January 5, 1987, which denied her motion for a protective order vacating judicial subpoenas and notices to take depositions of two nonparty witnesses.

Ordered that the orders are reversed, with one bill of costs, that branch of the defendant's motion which was for a bifurcated trial is denied, the defendant's motion for a protective order is denied, the plaintiff's motion to vacate the defendant's demand for a bill of particulars is granted with leave to the defendant to serve an amended demand for a bill of particulars in accordance herewith, and the plaintiff's motion for a protective order is granted; and it is further,

Ordered that the defendant's time to respond to the plaintiff's "Notice of Discovery and Inspection" and "Demand for Interrogatories" and to serve an amended demand for a bill of

particulars is extended until 30 days after service upon him of a copy of this decision and order with notice of entry.

The plaintiff wife commenced the instant action for a divorce on the ground of cruel and inhuman treatment alleging, in part, that the defendant husband had committed adultery with a named person and that the defendant had been physically and verbally abusive to her. The defendant denied these allegations and countersued for a divorce on the grounds of adultery and cruel and inhuman treatment. He alleged that the plaintiff had a continuous and notorious affair with a named person since 1984, had allowed the person to visit the marital residence while the children of the marriage were present and had taken the children to her paramour's home over his repeated objections. These allegations were, in turn, denied by the plaintiff. The parties then served upon each other various notices for discovery resulting in the motions for protective orders which we are now called upon to review. In addition, the defendant moved for a bifurcated trial, claiming that the issue of whether the parties were entitled to divorce should be decided prior to his having to make financial disclosure, since his financial circumstances were complex and discovery on the matter would be time consuming and expensive.

Based upon the relevant law and the circumstances of the case, it was improper to order a bifurcated trial. At this juncture, the defendant has already objected to the discovery of his financial condition by the plaintiff, claiming that the requests are burdensome and oppressive. Once a judgment on the merits is obtained, the defendant may seek to further stall the resolution of the financial issues. Moreover, in view of the defendant's admission that his financial situation is complex, a bifurcation of the issues will, in all likelihood, lead to two protracted trials instead of one.

Because we hold that bifurcation was improper, we also determine that the order staying financial disclosure by the defendant must be reversed, since broad disclosure is required and will be necessary for a determination of the issues at trial (see, e.g., Kaye v Kaye, 102 AD2d 682; Ahern v Ahern, 94 AD2d 53, 56).

Additionally, we find that although the defendant's demand for a bill of particulars to the extent that it sought details as to the times, dates and places of the various acts referred to in the complaint was proper, Trial Term did err in requiring the plaintiff to respond to the demand insofar as it sought particu-

lars concerning evidentiary matters relating to the merits of the matrimonial causes of action (see, Rosenberg v Rosenberg, 126 AD2d 537; Van Ess v Van Ess, 100 AD2d 848; Rubin v Rubin, 73 AD2d 148). However, we decline to prune or attempt to correct the defendant's demand and instead grant the defendant leave to serve an amended demand for a bill of particulars.

Finally, discovery as to the merits of the matrimonial causes of action is inappropriate here, since such discovery is unnecessary to establish a cause of action for divorce. Therefore, the order dated January 5, 1987, which denied the plaintiff's motion for a protective order, must be reversed, and the motion for the protective order vacating judicial subpoenas and notices to take depositions of two nonparty witnesses must be granted. Brown, J. P., Eiber, Kunzeman and Sullivan, JJ., concur.