OPINION OF THE COURT
David B. Saxe, J.
From the béginning, this action has been driven by two competing concerns: the husband’s desire to obtain an immediate divorce without the need to await final determination of all the ancillary financial issues, and the wife’s equally fervent belief that the husband should not be permitted to obtain a *401 divorce until a judgment determines all of the existing financial issues.
To this end, a number of strategies and counterstrategies have ensued.
In August 1994 Jeffrey Silverman initially served Joy Silver-man with papers commencing an action for divorce in the State of Connecticut, on the grounds of irreconcilable differences, grounds unavailable to him in New York. Mrs. Silverman then served Mr. Silverman with previously filed papers in the present action; she then sought and was granted injunctive relief prohibiting Mr. Silverman from proceeding in the Connecticut action (see, Silverman v Silverman, NYLJ, Oct. 11, 1994, at 28, col 3). Jeffrey Silverman next sought bifurcation of the divorce from the ancillary issues, which relief was denied. Nevertheless, an expedited discovery schedule was fashioned by the court, and a trial was scheduled for February 1995. However, little or no discovery actually took place because the parties spent the ensuing months attempting to negotiate a settlement. After negotiations were completed and a formal written stipulation was executed by Mrs. Silverman, Mr. Silverman without explanation withdrew his oral consent, and asserted that a trial would be necessary. A new discovery schedule was put in place and a trial was scheduled for May 18, 1995. Cognizant of the case law disapproving of bifurcation because of the possibility that the monied spouse, upon obtaining a divorce, would stall discovery or the resolution of the financial issues (Fiorella v Fiorella, 132 AD2d 643 [2d Dept 1987]; Campbell v Campbell, 171 AD2d 720 [2d Dept 1991]), I directed that a divorce would not be granted until defendant completed providing discovery, and I made a commitment that trial of the economic issues would not be delayed after the granting of a divorce. Indeed, I ultimately appointed retired Justice Martin Evans as Judicial Hearing Officer (JHO) to supervise discovery in order to ensure its completion.
In April 1995 Mr. Silverman moved for leave to amend his answer in order to interpose counterclaims for divorce. He asserted that notwithstanding Mrs. Silverman’s earlier assurances that grounds for divorce would be agreed upon, she now seemed to be seeking to control the issue of marital status, and the inclusion of a counterclaim would protect his own right to a dissolution of the marriage. That motion was granted.
When on May 18 the JHO indicated that Mr. Silverman had provided the requested discovery, I directed that the fault trial should proceed. Mrs. Silverman, at that point, moved for leave *402 to discontinue her claim for divorce and for leave to interpose a claim for separation, justifying Mr. Silverman’s earlier concerns that his ability to obtain a divorce might be compromised. Over Mr. Silverman’s objections, this court granted that motion, but adopted defendant’s request that the discontinuance should be "with prejudice.”
Consequently, Mr. Silverman was the only party with an extant cause of action for divorce, and he was directed to proceed on his counterclaim. He called Mrs. Silverman as his witness, and she testified briefly about an affair that she had. However, she then sought and obtained from the Appellate Division a stay of the trial, apparently on the grounds that discovery was not complete and that entry of a divorce judgment prior to resolution of all issues would be severely prejudicial to her.
The next move was this motion by Mr. Silverman, for dismissal of his wife’s one remaining cause of action, the newly interposed cause of action for separation. Mrs. Silverman not only opposes the motion, but has suggested in response that (1) notwithstanding her May 18 request to discontinue her divorce claim, she should be permitted to reinstate the discontinued divorce cause of action, and (2) she should be permitted to interpose a new cause of action for divorce on grounds which occurred after commencement of this action. Otherwise, she fears, Mr. Silverman may proceed with the initial Connecticut divorce action. Indeed, in the intervening days Mrs. Silverman has commenced a new action for divorce, alleging as grounds events which occurred since the commencement of the present action.
The parties’ next move and countermove will depend to some extent upon whether or not plaintiff’s remaining cause of action in this case for separation is permitted to stand.
The issue to be addressed is simply stated: is a person who admits to having committed adultery precluded as a matter of law from obtaining a judgment of separation?
Mrs. Silverman contends that a question of fact is presented as to whether her commission of adultery establishes a defense to her cause of action for separation. Therefore, she asserts, a trial is required before it can be determined whether her adultery was, under the circumstances, the type of misconduct contemplated by the statute. Specifically, she seeks the opportunity to prove that Mr. Silverman’s prior conduct provoked or occasioned her own.
The husband’s motion for dismissal is based upon Domestic Relations Law § 202, the provisions of which have been in ef *403 feet in the statutes of New York since 1813. It provides that "[t]he defendant in an action for separation from bed and board may set up, in justification, the misconduct of plaintiff; and if that defense is established to the satisfaction of the court, the defendant is entitled to judgment.”
The question is, would Mr. Silverman’s alleged misconduct, if proved, form a legal basis to exculpate her own conceded misconduct, for purposes of section 202?
I note initially that this dismissal motion is timely, inasmuch as the interposition of the cause of action for separation was only raised at the May 18, 1995 colloquy; indeed, no formal amended pleading had been served at the time this motion was made.
As quoted above, the defense to a separation action is described in the statute as merely "misconduct” by the plaintiff. This general language stands in sharp contrast to the more specific defense to a divorce action, as defined in Domestic Relations Law § 171 (4), which provides that a divorce must be denied "[w]here the plaintiff has also been guilty of adultery under such circumstances that the defendant would have been entitled, if innocent, to a divorce.” However, the seminal case of Hawkins v Hawkins (193 NY 409 [1908]) is instructive in determining how the term "misconduct” should be construed in a case involving adultery by a plaintiff who seeks a judgment of separation.
In Hawkins (supra), it was established that (1) the husband had committed adultery, without the wife’s knowledge, (2) the wife then herself committed adultery, (3) the husband discovered the wife’s adultery and then abandoned her. A prior action for divorce brought by the husband, and a counterclaim by the wife for divorce, had both been dismissed, by reason of their mutual recrimination. The wife then brought a new action, for separation. In reversing a judgment in her favor, the Court explained that "her right of action is based on and limited by the absolute statutory provisions which have been quoted. One of these in effect provides that even though she establishes the usual elements of an action for separation and support, she will not be allowed such affirmative relief based on the marriage contract which she herself has disregarded” (Hawkins v Hawkins, supra, at 412). The Court then went on to employ language which Mrs. Silverman points to in support of her assertion that a question of fact is presented: "I fail to see how it justifies or excuses her misconduct or changes the nature of her act or avoids the consequences thereof or *404 contributes an element of support to her cause of action to prove that her husband also at some time has been guilty of a similar violation. And especially is this so where, as here, there is no claim that the latter violation, even as a matter of moral influence, conduced to or mitigated the evil of the former. It is also to be borne in mind that this is not a case where the husband has been continuing and living in profligacy while he cast his wife off for a single offense” (Hawkins v Hawkins, supra [emphasis added]). While the foregoing language seems to imply that the Court might have held differently had the husband’s conduct been shown to have "conduced to or mitigated” the wife’s adultery, the Court’s final remark in that section of its discussion is clear: since the husband was not himself seeking a separation, "the only material question relates to her act” (Hawkins v Hawkins, supra; see also, Fragomeni v Fragomeni, 112 NYS2d 224 [Sup Ct, NY County 1952]).
Mrs. Silverman’s argument runs along the same lines as the dissenting opinion of Chief Judge Cullen in the Hawkins case (supra). The dissent in essence argued that while the plaintiff s adultery in that case was unquestionably misconduct on her part, the statute should only be applied to the type of misconduct by the plaintiff "as justifies the action or conduct of the husband in refusing to support her” (Hawkins v Hawkins, supra, at 417 [dissenting opn]). However, the majority opinion is controlling here, and pursuant thereto, conduct which is "unquestionably” misconduct is enough to call into play the bar of section 202.
There are many cases indicating that the court should consider the complete circumstances leading up to the "misconduct” by a spouse who is seeking a judgment of separation on grounds of cruelty. For instance, in Powers v Powers (84 App Div 588 [2d Dept 1903]), the wife sought a separation on the ground of cruel and inhuman treatment and the husband interposed the defense of justification. The Court held that "[t]he question whether a particular act charged in the complaint is to be deemed such cruel and inhuman treatment as to warrant a decree of separation under the statute, may well depend upon the previous relations of the parties” (supra, at 590).
However, a claim of adultery is fundamentally different in character from a claim of cruelty. The determination of whether particular conduct suffices to constitute cruelty grounds for divorce depends upon not only the conduct itself but also upon the length of the marriage (see, Hessen v Hessen, *405 33 NY2d 406 [1974]). Similarly, cruel acts may or may not constitute grounds for separation, depending on the parties’ respective courses of conduct toward each other (see, Powers v Powers, 84 App Div 588, 590, supra). In contrast, a claim of adultery is established simply by proof of the act, and no case law is cited establishing that an act of adultery may be mitigated or exonerated by the other spouse’s conduct. Indeed, it was because a claim of cruelty is fundamentally different from a claim of adultery that I denied Mr. Silverman’s previous motion for summary judgment on his divorce cause of action based upon grounds of cruelty (see, Silverman v Silverman, NYLJ, May 23, 1995, at 26, col 3). Mrs. Silverman’s established acts of adultery would have automatically entitled Mr. Silverman to a divorce, were it not for his own commission of adultery. However, those acts on the part of Mrs. Silverman did not establish, as a matter of law, grounds of cruelty and inhuman treatment. For that ground, all the facts and circumstances must be weighed.
"When the misconduct alleged for purposes of Domestic Relations Law § 202 is an act of adultery, that defense to a separation claim is best viewed as the equivalent of the defense of recrimination to a divorce claim. "Recrimination differs as a defense in that the misconduct alleged need not be related to the ground sued upon; thus, it goes not necessarily to an explanation of the act of cruelty or abandonment, but to the plaintiff’s capacity to sue on any ground; it is, in essence, a disqualification from suit. Doe v Roe, 23 Hun 19; Richardson v Richardson, 114 NYS 912; Axelrod v Axelrod, 2 Misc 2d 79” (1966 Report of Joint Legis Comm on Matrimonial & Family Laws, 1966 NY Legis Doc No. 8, at 96).
Nor am I convinced that the timing of the parties’ respective actions toward each other has any relevance here. While there are cases which make mention of which party’s misconduct occasioned the other’s (see, e.g., Doe v Roe, 23 Hun 19 [1880]), in each case where the plaintiff seeking a judgment of separation is found to have committed adultery, "the plaintiffs adultery is a bar to relief against that of the defendant” (Doe v Roe, supra, at 21), based upon a theory of unclean hands due to the plaintiffs own violation of the marriage contract.
In a divorce action, the defense of recrimination (Domestic Relations Law § 171 [4]) does not require the complainant’s adultery to have occurred first. By the same token, when the misconduct defense is raised to a separation action based upon the complainant’s adultery, I see no reason to look to the order *406 of events. Indeed, it is axiomatic that even an act of adultery by the plaintiff subsequent to the commencement of the action (and therefore subsequent to any acts of cruelty alleged in the complaint) constitutes a defense in a separation action (see, 46 NY Jur 2d, Domestic Relations, § 908; 1 Foster Freed and Brandes, Law and the Family New York § 16:13, at 860 [2d ed]; Nilsen v Nilsen, 16 Misc 2d 396 [Sup Ct, Kings County 1959]).
It must be recognized that the dismissal of plaintiff’s cause of action for separation is compelled by what amounts to centuries-old law. In contrast, the modern divorce law, enacted by the 1967 Divorce Reform Act (L 1966, ch 254), offers Mrs. Silverman a remedy. Although still precluding a divorce when both parties have committed adultery, the statute would entitle Mrs. Silverman to a cause of action for divorce on the grounds of Mr. Silverman’s alleged cruelty, and no statutory defense exists to such a claim; her own misconduct, if any, would not alter her entitlement.[1]
Even in view of our updated divorce law, the Legislature certainly intended the continued application of the old statutory defense to separation actions. When the Legislature enacted the 1967 Divorce Reform Act, adding cruelty and abandonment as grounds for divorce without providing statutory defenses to them, it declined to repeal the existing statutory defense as against a separation action. The 1966 Report to the Legislature of the Joint Legislative Committee on Matrimonial and Family Laws explains this. The Committee proposed (op. cit., at 96), "with some reluctance,” that Domestic Relations Law § 202 be retained, with the following explanation: "Considerable testimony was presented to the Committee that the separation action has been transformed into a weapon used by wives to 'trap’ their errant husbands into a legal status that denied them the benefits of both bachelorhood and marriage. The wife then, in effect, extorts ransom from the husband in the form of a property settlement or excessive alimony before she consents to the arrangement of a migratory divorce. It has been forcefully argued that Section 202 of the Domestic Relations Law at least offers the husband a practical defense which would often discourage avaricious wives from undertaking such perversions of the separation action. For this reason, the Committee, with some reluctance, proposes retention of Section 202 for the present.” Whether or not Mrs. Silverman is employing such a strategy here, as defendant sug *407 gests, the old defense remains applicable, and where adultery is admitted, section 202 of the Domestic Relations Law and the case law applying its language, function to preclude a plaintiff who has engaged in such unquestionable "misconduct” from obtaining a judgment of separation.
The motion is therefore granted, and the plaintiffs cause of action for separation is dismissed.[2]

. Mrs. Silverman’s previous voluntary discontinuance of her cause of action for divorce may, however, limit her right to future relief.

. Opinion has been edited for publication.