negligence and carelessness of the plaintiff and plaintiff's intestate and not the result of the negligence of the defendant in any degree whatsoever.

*Wallace R. Foster* for appellant.

*Rosario Maggio* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, CRANE and ANDREWS, JJ.   Dissenting: McLAUGHLIN, J.

---

CHARLES P. DORFF, Respondent, *v.* ANTONIO TAYA et al., Copartners under the Firm Name of HIJOS DE JOSE TAYA S. EN C., Appellants.

*Carriers — action to recover amount prepaid for freight on merchandise
shipped on vessel lost at sea.*

*Dorff* v. *Taya*, 200 App. ·Div. 894, affirmed.

(Argued June 12, 1922; decided July 12, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 15, 1922, unanimously affirming a judgment in favor of plaintiff entered upon a verdict directed by the court. The action was for money had and received, brought by the alleged assignee of an ocean bill of lading for a recovery of $22,116.96, representing freight which was prepaid by the shippers on a consignment of cotton shipped on board the defendants' steamship *Guadalquivir* in February, 1918, at Wilmington, N. C., for carriage to the port of Genoa, Italy. On the voyage across the Atlantic the steamship was sunk by an enemy submarine and, together with her cargo, was a total loss. The plaintiff is seeking to obtain a refund of the prepaid freight on the theory that because of the non-delivery of the cargo, the freight was unearned; and that he, as holder of the bill of lading, is entitled to recover it. Among others, the principal defense is based on a contract between the shippers and the defendants, other than that contained in the bill of lading, to the effect that the latter should retain the

prepaid freight in any event, ship or goods lost or not lost.

*Robert S. Erskine, John M. Woolsey* and *Harry D. Thirkield* for appellants.

*Walter C. Noyes* for respondent.

Judgment and orders affirmed, with costs; no opinion.
Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

TROCADERO AMUSEMENT COMPANY, INCORPORATED, Appellant, *v.* CENTRAL BUILDING IMPROVEMENT AND INVESTMENT COMPANY, Respondent.

*Landlord and tenant — tenant may not recover for loss of prospective profits by reason of condemnation of leased building by public authorities as unsafe.*

*Trocadero Amusement Co., Inc.,* v. *Central Bldg. Impr. & Inv. Co.,* 194 App. Div. 892, affirmed.

(Argued June 12, 1922; decided July 12, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 6, 1920, unanimously affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term. The action was brought by the plaintiff to recover loss of profits claimed to have been suffered by the plaintiff through inability to occupy certain premises leased by the plaintiff from the defendant for a period of upwards of twenty years, during a period of several months, during which the premises were under reconstruction by the defendant after they had been declared unsafe by the building department.

*Theodore B. Richter* and *Kenneth Dayton* for appellant.
*Ira Skutch* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.