W. H. Jones, Respondent, v. The Cunard Steam Ship Company, Ltd., Appellant.*

Second Department, April 28, 1933.

George deForest Lord [James S. Hemingway and Woodson D. Scott with him on the brief], for the appellant.

Gregory S. Rivkins [Harry D. Thirkield with him on the brief], for the respondent.

* Revg. 144 Misc. 336.

HAGARTY, J.   This action was brought by plaintiff, a citizen of the Kingdom of Great Britain, as assignee, to recover damages resulting from the defendant's breach of contract to transport a cargo of raw skins from London, England, to New York, shipped on the 7th day of January, 1925.   The defendant, in its answer, admits the receipt, carriage and delivery of the cargo in accordance with the terms of the bill of lading, which constituted the contract of carriage, and alleged that the bill of lading contained, among others, the following clause: " This Bill of Lading is subject to:— (A) the terms and provisions of the Hague Rules 1921." It is further pleaded that the Hague Rules provide that " in any event the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within twelve months after the delivery of the goods," and that the action was commenced on the 28th day of September, 1927.

The question presented is whether the one-year limitation of action clause was incorporated into the contract of carriage and constitutes a defense as a matter of law as pleaded.   There is no question of public policy involved here.

The Hague Rules are widely known to shippers throughout the world and have been adopted as the law in many countries including Great Britain, where the British Carriage of Goods by Sea Act is a statutory enactment of them, with, I think, some slight modifications.   They were framed by the maritime law committee of the International Law Association and settled during a conference of the association at the Hague in September, 1921, and defined the risks to be assumed by sea carriers under a bill of lading.

It is the law that a paper referred to in a written instrument and sufficiently described may be made a part of the instrument as if incorporated into the body of it.   (*Matter of Comrs. of Washington Park, Albany*, 52 N. Y. 131.)   Under that rule, and recognizing the general knowledge of the use and application of the Hague Rules in shipping circles, especially in Great Britain where this contract was made, the identity of which is admitted by the pleadings, the authorities support the legal sufficiency of the defense as pleaded.   (*O'Connell* v. *One Thousand and Two Bales of Sisal Hemp*, 75 Fed. 408; *Brennan Packing Co.* v. *Cosmopolitan Shipping Co.*, 14 F. [2d] 971; *Greenspon-Newman, Inc.*, v. *Cunard Steam Ship Co., Ltd.*, 227 App. Div. 737; *Lockett Co.* v. *Cunard S. S. Co.*, 21 F. [2d] 191; *American Linseed Co.* v. *Norfolk & N. A. S. S. Co.*, 32 id. 281; *Procter & Gamble Manufacturing Co.* v. *Ocean Steamship Co.*, unofficially reported in 1932 A. M. C. 1073; *International Shoe Co.* v. *Canadian Government Merchant Marine, Ltd.*, Id. 916; *The Susquehanna*, 296 Fed. 461; *Cudahy Packing Co.* v. *Munson*

*S. S. Line*, 22 F. [2d] 898.) In *Greenspon-Newman, Inc.*, v. *Cunard Steam Ship Co., Ltd.* (*supra*) where the British Carriage of Goods by Sea Act 1924 was similarly incorporated by reference, we held that under the provisions of that act liability was limited to £100 sterling per package.

My conclusion is that the defense is valid and correctly pleaded. The incorporation of the Hague Rules into the bill of lading in this case with the same force and effect as though they were specifically written in is quite different from holding good a clause providing that the contract should be governed by the provisions of the general law of the flag of the vessel carrying the goods, and is not inconsistent with the ruling in *Dorff* v. *Taya* (194 App. Div. 278; 200 id. 894; affd., 234 N. Y. 525), relied upon by the respondent. There the defense that the suit was barred was predicated upon a clause in the bill of lading providing that " this contract shall be governed by the law of the flag of the vessel carrying the goods; " that the ship was a Spanish ship, and that, therefore, the Statute of Limitations of Spain applied. The right of parties to establish by contract a shorter limitation to the right of action thereunder than that prescribed by statute was recognized, but it was held that the intent to do so must be clear and could not be inferred from " the blind phrase " used in that bill of lading. The rule of law in this State was there recognized that · a plea of the Statute of Limitations of the country where the contract is made is no bar to a suit· brought in a foreign tribunal; and it was held that an intent to establish a shorter or different limitation must clearly appear from the contract itself. The distinction is clear.

The order should be reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

LAZANSKY, P. J., CARSWELL and SCUDDER, JJ., concur; YOUNG, J., dissents.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.