■ JOSEPH FREILICH, Respondent, v. LEON V. ROSENBERG, Appellant, et al., Defendants.—In this action for breach of an alleged oral contract of employment, issue was joined in May, 1953. The defendant moved to dismiss for lack of prosecution in April, 1957. The delay in prosecuting the action is unwarranted. The burden of proving the excusability rests upon the plaintiff. The partial incapacity of plaintiff's former attorney in 1954 and his illness in 1955 and the plaintiff's marital difficulties in 1956 do not explain the inordinate delay in prosecution. Further, plaintiff fails to present facts indicating a meritorious cause of action. (See *Moshman* v. *City of New York*, 3 A D 2d 825; *Hyde & Sons* v. *Roller Derby Skate Co.*, 1 A D 2d 942.) The order is unanimously reversed, with $20 costs and disbursements to appellant, and the motion to dismiss the complaint for lack of prosecution is granted unconditionally, with costs. Concur — Peck, P. J., Rabin, Frank, Valente and McNally, JJ.

■ ROBERT L. BRADFORD, Appellant, v. 27 EAST 38TH STREET REALTY CORP., Respondent.— By reason of the fact that the defendant has served an answer, defendant is not entitled to any relief under rule 90 of the Rules of Civil Practice. (*Brown-Duffy Goatskin Corp.* v. *Henkel*, 211 App. Div. 342; *O'Hara* v. *Derschug*, 232 App. Div. 31.) The special circumstances relied on by defendant do not excuse the implied waiver of relief resulting from the service of the answer. It was unnecessary to interpose an answer in order to oppose a motion for a temporary injunction. Such opposition could take the form of an affidavit. Under rules 102 and 103 of the Rules of Civil Practice, an amended pleading may be required to clarify or to eliminate irrelevant matter, and the application may be made within 20 days from the service of the pleading to which the motion is addressed (Rules Civ. Prac., rule 105). The instant motion was made within the 20-day period. There is no authority under either rule for a dismissal of the complaint with or without prejudice. Where, as here, it appears that the complaint alleges various causes of action and that the matter contained therein is indefinite, the court, in the exercise of its discretion, may require the service of an amended pleading as the case may require. The order appealed from should be modified by deleting therefrom the provision for dismissal of the complaint and directing the service of an amended complaint as provided for in the order appealed from, and otherwise affirmed, without costs. Settle order. Concur — Peck, P. J., Rabin, Frank, Valente and McNally, JJ.

■ SAVOY-ITHACA, INC., Respondent, v. J. REED COLBERT et al., Appellants. — Motion for leave to appeal to the Court of Appeals granted. Settle order. Concur — Rabin, J. P., Valente, McNally and Bergan, JJ. [See 3 A D 2d 991.]

■ NEWPAR ESTATES, INC., Appellant, v. PETER BARILLA, Respondent.— Motion for leave to appeal to the Court of Appeals granted. Settle order. Concur— Botein, J. P., Frank, Valente and McNally, JJ. [See *ante*, p. 186.]

■ In the Matter of the Estate of SARA C. STILLWELL, Also Known as SARAH C. PETERS, Deceased. ELIZABETH A. SCHILLER, Appellant; BEGUN BROTHERS et al., Respondents.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs. Concur — Botein, J. P., Frank, Valente and McNally, JJ. [See 3 A D 2d 994.]

■ In the Matter of the Arbitration between STERN BROTHERS, Respondent, and DAVID LIVINGSTON, as President of District 65-CIO Retail, Wholesale and Department Store Union, et al., Appellants.— Motion for leave to appeal to the Court of Appeals granted. Settle order. Concur — Peck, P. J., Breitel, Botein and Rabin, JJ. [See 3 A D 2d 990.]