■ LEONARD CLARK, et al., on Behalf of Themselves and All Others Similarly Situated, Respondents, v MARINE MIDLAND BANK, INC., Defendant, and CHASE MANHATTAN BANK, N. A., INC., Appellant.—Order of the Supreme Court, New York County, entered July 21, 1978, insofar as said order denied motion of defendant Chase Manhattan Bank, N. A., Inc., to dismiss the first and fourth cases of action, affirmed, with $75 costs and disbursements of this appeal to respondents. In this class action against various banks for damages, plaintiffs assert that defendant-appellant Chase Manhattan Bank, N. A., Inc., and defendant Marine Midland Bank, Inc., with each of whom plaintiffs claim they maintain checking accounts, improperly imposed a service charge of $4 to $5 each time a customer's check was not honored by the bank because of insufficient or uncollected funds. The first cause of action alleges that such charge is "grossly disproportionate to the actual costs, if any, incurred by the defendant banks in connection with returned items" and thus is a penalty in violation of section 1-106 of the Uniform Commercial Code, article 4 of the Uniform Commercial Code, and "other applicable laws and regulations". The fourth cause alleges that the checking account agreements signed by plaintiffs do not contain a provision authorizing a "service charge" or "penalty" when there are insufficient or uncollected funds and that therefore defendants in imposing these charges, breached the agreements. On a motion to dismiss for failure to state a cause of action, the allegations of the complaint must be viewed most favorably to the pleader *(Barr v Wackman,* 36 NY2d 371, 375). Applying that rule, the first and fourth causes of action are sufficient *(Foley v D'Agostino,* 21 AD2d 60, 63). First cause: It cannot be said, as a matter of law, that no violations of the statutes, laws and regulations alluded to have occurred. Accepting the argument of defendants and the conclusion of the dissent that these charges are not in violation of section 1-106 and article 4 of the Uniform Commercial Code, we note nevertheless that plaintiffs allege violations of "other applicable laws and regulations". Defendants are not without remedy if they find the allegations of this cause vague or ambiguous. They may move to correct this pleading (CPLR 3024, subd [a]) and upon such motion service of an amended complaint may be ordered. Dismissal of the cause as presently pleaded is improper (see *Bradford v 27 East 38th St. Realty Corp.,* 4 AD2d 830). Fourth cause: For purposes of this motion, it must be assumed that the agreement between each plaintiff and defendant was intended to express the whole contract between the parties *(Eighmie v Taylor,* 98 NY 288, 294-295; see *Wood v Duff-Gordon,* 222 NY 88, 91; see, also, 10 NY Jur, Contracts, § 202). This is the common sense, everyday understanding of a checking account agreement between customer and bank. Implicit in such agreement is the promise by the bank that there would be no penalty or charge imposed upon the customer with reference to his or her checking account or checking activity other than as specified in the agreement. Accordingly, in reading paragraphs 38 and 39 of the complaint, we find, in effect, an allegation of the breach of the contractual promise not to impose the penalty or charge of which plaintiffs complain. In the circumstances, it should not be necessary to seek in the language of the complaint the specific

words of the promise breached (see *United Interchange v Aragoni,* 17 AD2d 1004). Concur—Birns, J. P., Evans, Fein and Markewich, JJ.

Silverman, J., dissents in the following memorandum: I would reverse the order to the extent appealed from and grant the motion to dismiss the first and fourth causes of action for failure to state a cause of action. In my view, the complaint fails to comply with the requirement of stating "the material elements of each cause of action" (CPLR 3013) even within the liberal interpretation of that requirement *(Foley v D'Agostino,* 21 AD2d 60). The action, intended as a class action, is brought by plaintiffs, depositors in defendant Chase Manhattan Bank and other banks, attacking the custom of the banks of imposing a $4 to $5 charge for checks issued by depositors and not honored because of insufficient funds in the depositors' account. The fourth cause of action purports to allege a breach of contract. But all it says is that the agreement with the defendants, pursuant to which the checking accounts are maintained "made no mention of the fact that a penalty would be imposed." This is far from saying that there was an agreement that no penalty would be imposed. The minimum element for an action of breach of contract is an allegation of the contractual promise which was breached; in the present case, this would require an allegation that the bank agreed not to impose this charge; there is no such allegation. The first cause of action alleges that the charge is "grossly disproportionate to the actual costs," and thus a penalty. It goes on to allege that the banks' actions in charging this penalty are in violation of section 1-106 of the Uniform Commercial Code and "also violate Article 4 of the UCC and other applicable laws and regulations." Article 4 of the Uniform Commercial Code contains 37 sections, many of them with several subdivisions. Nowhere are defendants or the court told which of these numerous sections is violated. And of course they are given no clue as to the "other applicable laws and regulations" alleged to be violated. There is a reference to section 1-106 of the Uniform Commercial Code which forbids penalties in connection with the "remedies provided by this Act * * * except as specifically provided in this Act or by other rule of law." But nowhere is there any allegation as to which remedy provided by the Uniform Commercial Code is being sought by defendants banks.