OPINION OF THE COURT
Martin B. Stecher, J.
Defendant Chemical Bank moves to dismiss the amended complaint on the ground that documentary evidence, read in conjunction with the controlling statutes, provides a complete defense to the action. The motion is granted.
Plaintiff has commenced a class action, apparently uncertified as yet, alleging that certain service charges customarily imposed by defendant are excessive and their imposition constitutes a breach of the contract between Chemical and its depositors. The service charges involved are a $4 fee imposed when the depositor writes a check resulting in an overdraft and a fee of $1.25 when an item deposited in a customer’s account is dishonored and returned. Plaintiff alleges that these charges are “grossly disproportionate to the actual costs, if any, incurred by Chemical.”
Chemical’s response is that the charges are permitted by statute, i.e., certain banking regulations; that since the *714 depositor assents to the imposition of the charges when he or she opens an account, the levy of such charges cannot constitute a breach of contract; and furthermore, since the charges are specifically authorized by law, they cannot per se be unconscionable and violative of public policy.
In support of its position, Chemical has supplied the court with a photostat of the signature card plaintiff filled out when she opened the account, a copy of the rules and regulations in effect during the period of the banking relationship, and a copy of the two service fee schedules in effect during the period when Ms. Dietrich maintained her account with defendant.
The following legend appears above the depositor’s signature on the signature card executed when Ms. Dietrich opened her account: “I acknowledge receipt of a copy of the Rules and Regulations applicable to this checking/savings account and agree to be bound by these Rules and Regulations.”
Two different sets of rules and regulations were in effect during plaintiff’s banking relationship with Chemical. Both sets of rules incorporate by reference a fee schedule which is available for inspection upon request. These fees are set pursuant to subdivision 8 of section 108 of the Banking Law and the regulations promulgated thereunder. Plaintiff has conceded that these laws are part of the contract between the depositor and the bank.
The fees alluded to previously are the maximum fees allowed by the general regulations of the banking board. These regulations permit a banking institution to charge a lesser amount “as an accommodation to its customers”, but do not mandate that it do so. Plaintiff argues that these charges, if they are out of proportion to what it costs Chemical to process a “bounced” check, amount to a penalty. The answer is that the Banking Law specifically authorizes the banking board to fix a fee that will act as a deterrent to customers who create overdrafts or present items subsequently dishonored. (Banking Law, § 108, subd 8, par [c].)
This court agrees with Chemical that the case of Clark v Marine Midland Bank (67 AD2d 846) does not call for a *715 different result than is reached here. In Clark, plaintiff alleged that the charges were violative of certain provisions of the Uniform Commercial Code and “other applicable laws and regulations”. The First Department held that it could not be said, as a matter of law, that no regulations, etc., had been breached, and recommended that defendant bank move for particularization of the statutes involved and, by implication, move for dismissal after particularization. That is precisely the posture of the case at bar. The complaint in this action has been amended to particularize the statutes upon which plaintiff purports to rely. In addition to the banking regulations cited above and a banking directive, plaintiff has listed several provisions of the Uniform Commercial Code. The court has examined the provisions cited and is satisfied that they either do not apply (in one case, the cited statute does not even exist), or plaintiff can find no comfort in them, as, for example, in the banking regulations.
With regard to the cause of action based upon alleged breach of contract, which overlaps the “statutory” cause of action to some extent, the court finds Ms. Dietrich assented to the service charges as a term and condition of opening her account. Upon signing the signature card, she acknowledged receiving a copy of the pertinent rules and regulations. She may not claim that she did not receive them now, or that she was not aware of their contents. (Wallach Agency v Bank of New York, 75 AD2d 878.) A contract can be comprised of separate writings or documents if the writings make it clear that they are to be read in conjunction with Other writings to determine the intent of the parties. (Jones v Cunard S. S. Co., 238 App Div 172.) Here, unlike the case in Clark (supra), the imposition of service charges for dishonored items was contained in a writing comprising the contract. Accordingly, it could not be a breach of the contract for Chemical to impose such fees. It was merely asserting its contractual rights.
Accordingly, the complaint is dismissed, with costs.