■ HOWARD L. JACOBS, P. C., et al., Respondents, v CITIBANK, N.A., Appellant. — Order of the Supreme Court, New York County (G. B. Smith, J.), entered September 8, 1982, denying defendant's motion to dismiss plaintiffs' complaint pursuant to CPLR 3211 and for summary judgment pursuant to CPLR 3212, reversed, on the law, with costs, and the motion for summary judgment granted. Plaintiffs bring this uncertified class action on the theory

that the charges imposed by the defendant bank for returning checks issued by them on their accounts for insufficient funds, and for returning third-party checks deposited to their accounts which were dishonored by the drawee bank because of insufficient funds of the drawer are "grossly excessive" and hence, a penalty, in violation of section 1-106 of the Uniform Commercial Code and are impermissible. When the plaintiffs opened their accounts, each of them signed agreements authorizing the charges then prevailing for the specified and other services. The agreements further provided that the rates specified therein were subject to change upon notice. No claim is made that they were not notified of changes in the schedule of fees. To support their position plaintiffs rely, in large part, on our decision in *Clark v Marine Midland Bank* (67 AD2d 846) and subdivision 8 of section 108 of the Banking Law. We think that this reliance is misplaced. *Clark* was a case predicated upon the same theory as that here presented. However, that case came before us on a motion to dismiss the complaint. While both majority and the dissenter agreed in the conclusion (p 846) "that these charges [were] not in violation of section 1-106 and article 4 of the Uniform Commercial Code", the majority noted (p 846) "that plaintiffs allege violations of 'other applicable laws and regulations' ". Since, on a motion to dismiss we deal only with the facial allegations without inquiring into their substance, the majority concluded that the complaint stated a cause of action. Here, however, we are confronted with a motion for summary judgment. On such an application we look to the uncontroverted proof. Inasmuch as plaintiffs' proof does no more than try to establish a penalty, a conclusion rejected by us in *Clark,* plaintiffs can find no comfort in that case. Moreover, in the classical sense, the fees charged cannot be a penalty, for a penalty presupposes the breach of a contract with the payment of a fixed sum consequent upon the breach (*Wirth & Hamid Fair Booking v Wirth,* 265 NY 214). To constitute a penalty the stipulated sum must be disproportionate to the injury or the damages flowing from the breach must be readily ascertainable (*Equitable Lbr. Corp. v IPA Land Dev. Corp.,* 38 NY2d 516; *Mosler Safe Co. v Maiden Lane Safe Deposit Co.,* 199 NY 479). Absent a breach there is no compensable wrong. Hence, there can be no penalty. What is here involved is a fixed charge, stipulated to by plaintiffs for specified services to be rendered. This scarcely falls into the category of a penalty. Indeed, plaintiffs are in no different position from a purchaser of a commodity at a fixed price which is thereafter ascertained to be higher than the market price. Any endeavor by the purchaser to recoup the difference between the two prices on the theory that the excess of the agreed price over the market price is a penalty would clearly be without merit. The second string to plaintiffs' bow is subdivision 8 of section 108 of the Banking Law. Paragraph (a) of that provision confers on the Banking Board the power to fix the maximum charge which may be imposed by a bank for returning a check for insufficient funds and the maximum charge for returning third-party checks which are dishonored by the drawee bank. Paragraph (b) of subdivision 8 limits the charges which may be imposed by a bank to those fixed by the Banking Board while paragraph (c) deals with the standards to be applied in determining maximum fees. It requires the board to consider the cost of processing, *the charge necessary to deter the practices for which charges are permitted to be made* and other economic factors. It is conceded by defendant that, during certain periods, its charges exceeded those fixed by the Banking Board. However, it points out, quite correctly, that it is a Federally chartered bank and thus, not subject to the strictures of the New York Banking Law. In dealing with the matters here in issue it is governed by 12 CFR 7.8000 which requires only that fees charged for the services herein involved be fixed on a competitive basis and not on the basis of any agreement

or understanding among banks and their officers. There is no claim that this provision has been violated. In sum, we find that no right of plaintiffs has been violated. Accordingly, we hold that Special Term should have granted defendant's motion for summary judgment. Concur — Sullivan, Carro, Silverman and Bloom, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I dissent and would affirm. The plaintiffs allege that the defendant bank, without prior notice and without consent, overcharged its banking account depositors for checks returned for uncollected or insufficient funds. The defendant bank has a service charge of $7 when checks are drawn by the depositor against insufficient funds and $3 for checks payable to the depositor from third persons when those checks are drawn against insufficient funds by the third person and returned unsatisfied. It is contended by the plaintiffs that the charges are disproportionate to actual costs and, therefore, a penalty, and, further, that, as to third persons, it must clearly be a penalty because the depositor did not write the check and may have no knowledge of the "insolvency" of the check writer. During the period in question, section 32.1 of the General Regulations of the New York State Banking Board (3 NYCRR 32.1), in accordance with section 108 (subd 8, pars [a]-[c]) of the New York State Banking Law, provided for a maximum service charge of $4[*] when a depositor writes a check resulting in an overdraft and $1.25 when an item deposited in an account is dishonored. In *Dietrich v Chemical Bank* (92 AD2d 786), released simultaneously herewith, the bank adhered to that maximum and so we have been unanimous in affirming the dismissal of the complaint. The fact that the defendant bank in the present case is a Federally chartered bank while in the *Dietrich* case the bank is a State bank, does not alter the fact that a charge to a customer may be unfair. We have no expertise in what a fair service charge should be. The banks themselves concede that they have no analysis of costs in this area and proceed by intuition. The State Banking Board sets the standard. If the standard is exceeded, it can only be based on contract. The statements signed on the opening of the account in this case provide for an amount "necessary to compensate you [bank] for service". It needs no reliance on *Clark v Marine Midland Bank* (67 AD2d 846 [involving a State bank]) to come to the logical conclusion that summary judgment should not be granted in this case.

---

[*] The $4 maximum was recently raised to $7 but the $1.25 dishonor charge remains the same.